355 So.2d 873 (1978)
Elizabeth CALTAGIRONE, Clarence Wingrove and Hernando Classroom Teachers' Association, Appellants,
v.
The SCHOOL BOARD OF HERNANDO COUNTY, Florida, Appellees.
No. 77-1942.
District Court of Appeal of Florida, Second District.
March 8, 1978.
*874 Richard H. Frank and Mark F. Kelly, Tampa, for appellants.
Joseph E. Johnston, Jr., Brooksville, for appellees.
RYDER, Judge.
We have before us today an interlocutory appeal of two orders; one dismissing Count I and striking Count II of a counterclaim and another denying a motion to dissolve a temporary injunction. We affirm in part and reverse in part.
The Hernando Classroom Teachers Association [HCTA] is the officially recognized collective bargaining representative for a unit of school teachers employed by the School Board of Hernando County, Florida [Board], a public employer within the meaning of Section 447.203, Florida Statutes (1975). On September 16, 1976 the HCTA and the Board entered into a collective bargaining agreement. This agreement was executed on behalf of the Board by its then chairman and signed on behalf of the HCTA and later ratified by the Board and the members of the bargaining unit represented by HCTA.
Thereafter, the Board announced that it perceived certain defects in the manner in which those who executed the agreement were described on its signature page. During the dispute over the form of the signature page, the Board refused to implement the terms of the agreement. HCTA acquiesced in certain modifications to the signature page demanded by the Board. The agreement, however, was never reratified by the Board or the members of the bargaining unit represented by HCTA. However, both the Board and HCTA substantially performed their obligations in accordance with the agreement.
*875 On February 10, 1977 appellant Caltagirone and on March 8, 1977 appellant Wingrove filed grievances, and HCTA attempted to have these grievances submitted to arbitration pursuant to Article IV of the agreement.
On June 30, 1977 the Board filed a complaint for declaratory relief and prayed for a temporary injunction restraining the appellants from proceeding to arbitration, alleging that (1) there was no valid agreement between the parties and (2) if the agreement is valid, the matters raised by the individual appellants are not subject to the grievance procedure.
The trial court, on July 1, 1977, and after a hearing, issued a temporary injunction restraining appellants from proceeding to arbitration. The appellants, on July 22, 1977, filed an answer asserting that the agreement is valid and the matters are grievances. Appellants also filed a two-count counterclaim and alleged in Count I that the Board breached the contract by failing to cause copies of the contract to be printed and distributed in accordance with its terms and sought compensatory damages. In Count II, an application was made for an order compelling the Board to submit to arbitration pursuant to Section 682.03, Florida Statutes (1975).
The Board filed a motion to dismiss both counts of the counterclaim on August 3, 1977 asserting that the Board was protected by sovereign immunity, and also filed a motion to strike both counts as "redundant and not seeking any relief not available in the main suit." On October 28, 1977 the court entered an order dismissing Count I and striking Count II of appellants' counterclaim.
The appellants filed a motion to dissolve the temporary injunction on September 13, 1977. After an evidentiary hearing, the trial court denied this motion on November 14, 1977. Appellants timely appealed both orders.
Appellants contend in their first point on appeal that the trial court exceeded its jurisdiction by entering and maintaining an injunction temporarily halting arbitration.
At this juncture, we find a strikingly similar question addressed by this court in R.B.F. Management Company v. Sunshine Towers Apartment Residences Association, Inc., 352 So.2d 561 (Fla. 2d DCA 1977). Sunshine Towers stands for the proposition that if a lawsuit is brought for the purpose of determining the validity of the entire contract then it is proper for the court to refuse to compel arbitration until the issue of the contract is settled completely.
We note also that appellants joined in the litigation for declaratory relief and, in fact, filed a counterclaim as noted above.
The more basic question in this entire matter is whether there was a valid contract between the parties. That is a question of law and the circuit judge below has jurisdiction to determine that. We find that proposition basic. We affirm his action in entering and maintaining a temporary restraining order halting arbitration until that question has been decided by him.
We reverse, however, his dismissal of Count I of appellants' counterclaim seeking damages for breach of the contract, noting that the Board is not so clothed with sovereign immunity as to avoid the plain language of Section 230.22(4), Florida Statutes (1975), which provides in part that the Board "... may, when acting as a body, make contracts, also sue and be sued in the name of the school board; ... ."
The trial court's striking of Count II of appellants' counterclaim does not constitute an abuse of discretion on the facts presented, thus we affirm.
Affirmed in part; reversed in part; remanded for further proceedings not inconsistent with this opinion.
BOARDMAN, C.J., and HOBSON, J., concur.