662 So.2d 967 (1995)
SUN CITY DINER OF BOCA RATON, INC., Sun City International, Inc., Nick's Italian Fishery, Inc. and Nick Bimonte, individually, Appellants,
v.
CENTURY FINANCIAL ADVISORS, INC., Appellee.
No. 95-1076.
District Court of Appeal of Florida, Fourth District.
September 27, 1995.
Rehearing Denied December 5, 1995.
Bruce F. Silver of Bruce F. Silver, P.A., Boca Raton, for appellants.
John P. Page of Chillingworth, Page & Conway, P.A., West Palm Beach, for appellee.
PER CURIAM.
We reverse, in part, an order denying Appellants' motion to abate and to compel arbitration.
Century Financial Advisors, Inc. (Century) sued Appellants for services rendered pursuant to an agreement, alleging breach of contract, unjust enrichment, and quantum meruit. The contract, attached to the complaint, contained two pertinent provisions:
12.2 Governing Law. This Agreement shall be governed by an [sic] construed in accordance with the laws of the State of Florida.
13. Arbitration.

Controversies and Claims Subject to Arbitration. Any controversy or claim arising out of or related to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof.
Appellants demanded that the claims be submitted to arbitration pursuant to these provisions. Century argues that the provision calling for arbitration is unenforceable because it is tantamount to a stipulation that the Florida Arbitration Code does not apply, resulting in it being contrary to public policy.
The trial court denied arbitration, relying upon a federal court decision, Wickes Corp. v. Industrial Financial Corp., 493 F.2d 1173 (5th Cir.1974). In Wickes, the parties expressly agreed that the Florida Arbitration Code would not apply to an arbitration which would take place in accordance with the rules *968 of the American Arbitration Association. The court first determined that the agreement was valid and that as a result, the Florida Arbitration Code was inapplicable. The court then reasoned that if the code was inapplicable, Florida common law principles apply, including the provision at common law that an agreement to arbitrate future controversies is contrary to public policy and unenforceable. Applying that Florida common law, the federal court then found that Wickes could refuse to arbitrate. However, in this case, the arbitration clause does not contain language stating that the Florida Arbitration Code does not apply.
In Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied sub nom., Fairways Plaza Associates v. Commercial Construction Corp., 419 So.2d 1197 (Fla. 1982), the court held that an arbitration clause providing that arbitration shall be conducted pursuant to the rules of the American Arbitration Association merely expresses the method to be followed, not a choice to arbitrate in a foreign jurisdiction. Id. at 874. We agree with the reasoning in that case, that an agreement can provide for arbitration under the rules of the AAA and still be enforceable in Florida courts. Nothing in Wickes compels the conclusion that an agreement to arbitrate under the rules of the American Arbitration Association results in the entire Florida Arbitration Code being inapplicable.
We also deem Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973), quashing a trial court order that compelled arbitration, inapposite. There, an agreement between a Florida customer and a foreign state corporate stockbroker provided that the laws of New York should govern the enforcement of an agreement. This rendered the arbitration provisions unenforceable in Florida because the agreement, by expressly stating that New York law applied, rejected Florida law including the arbitration code. Similarly, we have considered, and deem inapplicable, Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975), in which the court held that a contract provision that parties would arbitrate future disputes in another jurisdiction constituted a rejection of the Florida Arbitration Code. In this case, however, the contract provision does not provide for arbitration in another state.
However, we affirm as to two of the appellants, Nick's Italian Fishery, Inc. and Nick Bimonte. These Appellants were not parties to the contract, precluding application of the arbitration provision to them, notwithstanding that other counts remain pending in this case against them; leaving arbitration applicable only to Sun City Diner and Sun City International.
Section 682.03(3), Florida Statutes, requires that any proceeding involving an issue subject to arbitration shall be stayed pending arbitration. Therefore, we reverse and remand for proceedings consistent with this opinion.
DELL, STONE and STEVENSON, JJ., concur.