805 So.2d 6 (2001)
The ESTATE OF Dorothy BLANCHARD, by and through Harold BLANCHARD as Personal Representative, Appellant,
v.
CENTRAL PARK LODGES (TARPON SPRINGS), INC., d/b/a IHS of Tarpon Springs; Paul Vitale, N.H.A.; Steven Webber, N.H.A.; Anita Hoffman, R.D.; Cindy Burton, C.D.M.; Susan Nosworthy, R.N.; Cheryl Seronick, R.N.; Kim Adams, R.N.; and William Householder, R.N., Appellees.
No. 2D01-119.
District Court of Appeal of Florida, Second District.
September 21, 2001.
*7 George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa; and Leonard Milcowitz *8 of Milcowitz & Lyons, P.A., Clearwater, for Appellant.
A. Russell Bobo, Thomas W. Poulton, and Damian M. Fletcher of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Romaguera, P.A., Orlando, for Appellees.
PARKER, Acting Chief Judge.
The estate of Dorothy Blanchard, by and through Harold Blanchard as personal representative (the Estate), appeals from a nonfinal order granting a motion to compel arbitration and staying the litigation against appellees Central Park Lodges (Tarpon Springs), Inc., d/b/a IHS of Tarpon Springs, Paul Vitale, Steven Webber, Anita Hoffman, Cindy Burton, Susan Nosworthy, Cheryl Seronick, Kim Adams, and William Householder in the Estate's lawsuit for negligence, wrongful death, and violation of section 400.022, Florida Statutes (1997), the nursing home residents' rights statute. We reverse and remand this case to the trial court to conduct an evidentiary hearing to address whether a valid agreement to arbitrate exists between the parties and, if one does exist, whether the contract is unconscionable.
At an advanced age, Dorothy Blanchard moved into IHS of Tarpon Springs, a nursing home. She died within five months. Her estate filed a twenty-one count complaint alleging negligence, wrongful death, and breach of fiduciary duty. The appellees moved to dismiss the complaint and compel arbitration. The trial court granted the motion to compel arbitration and stayed the litigation pending the outcome of the arbitration.
In ruling on a motion to compel arbitration, "a court is limited to considering (1) whether the parties have entered into a valid arbitration agreement, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived." Flyer Printing Co. v. Hill, 805 So.2d 829, 831 (Fla. 2d DCA 2001); see Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (stating that a court must consider these three elements under both federal statutory provisions and under Florida's arbitration code). In its first issue, the Estate argues on several grounds that the parties have not entered into a valid arbitration agreement.
The Estate first contends that the admission contract terminated on the date of Dorothy Blanchard's death. Whether the contract terminated due to events subsequent to the making of the contract is an issue for arbitration, not for the trial court. See Feather Sound Country Club, Inc. v. Barber, 567 So.2d 10 (Fla. 2d DCA 1990) (holding that when party admitted execution of contract but argued that contract had expired by its own terms, the issue was for arbitration); Montesino v. Advent Techs., Inc., 676 So.2d 32 (Fla. 3d DCA 1996) (holding that whether subsequent events revoked employment agreements was issue properly left to arbitration). Thus, if the parties had a valid arbitration agreement, the question of its termination is for the arbitrators, not the trial court.
The Estate does contest the validity of the admission contract and argues that the appellees did not authenticate the contract. In its complaint, the Estate did not rely upon the admission contract for its claims of negligence, wrongful death, breach of fiduciary duty, and violations of the nursing home statute. Rather, it was the appellees who relied upon the admission contract and attached it to their motion to compel arbitration. At the hearing on the motion to compel, the Estate disputed the contract's validity and pointed out that the contract was questionable because the language *9 on the bottom of page three did not match with the language at the top of page four. In its motion for stay of the order pending limited discovery and for rehearing, the Estate argued that it raised the issue of authenticity of the contract at the hearing, and it sought a stay to conduct limited discovery as to the authenticity of the contract and the circumstances of its execution. The Estate also points out that something is missing from either page two or three of the contract because page three starts in mid-sentence.
When the "party opposing arbitration disputes the existence or validity of the agreement to arbitrate, the trial court must resolve that issue as a part of its consideration of the motion seeking to compel arbitration." Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999). If there are disputed issues regarding the making of the agreement, the court must summarily hear and determine the issue in an expedited evidentiary hearing. Jalis Constr., Inc. v. Mintz, 724 So.2d 1254 (Fla. 4th DCA 1999). Therefore, we are compelled to reverse the trial court's order and remand for an expedited evidentiary hearing on the authenticity of the contract and the making of the agreement.
We also conclude that an evidentiary hearing is also necessary on the Estate's contention that the appellee/defendant corporation, Central Park Lodges (Tarpon Springs), Inc., d/b/a IHS of Tarpon Springs, is not a party to the admission contract. The appellees are seeking to enforce the admission contract naming "Integrated Health Services" and Dorothy Blanchard and/or Harold Blanchard as the contracting parties. The Estate argued at the hearing that it did not sue Integrated Health Services, and the appellees' counsel argued that the "entities are essentially the same." The appellees' counsel appeared to be contending that IHS of Tarpon Springs is the same as Integrated Health Services, but because there was no evidentiary hearing, there is no record evidence to support this disputed fact. Without offering any evidence, the Estate contended that Integrated Health Services was a Delaware corporation in bankruptcy proceedings.
In Sun City Diner of Boca Raton, Inc. v. Century Financial Advisors, Inc., 662 So.2d 967 (Fla. 4th DCA 1995), as in the present case, the plaintiff sought to litigate its claims, and the defendants demanded that the claims be submitted to arbitration. The court affirmed the denial of the defendants' motion to compel arbitration as to two defendants because they were not parties to the arbitration agreement. Here, the trial court must make the factual determination of whether the corporate appellee was a party to the agreement or, if the evidence supports it, a third-party beneficiary to the agreement. See Tartell v. Chera, 668 So.2d 1105, 1106 (Fla. 4th DCA 1996) (reversing order compelling arbitration when the appellants were not third-party beneficiaries of the contract "which would require that the parties to the contract intended to primarily and directly benefit the appellants"). Accordingly, we reverse and remand for an evidentiary hearing on this issue.
The Estate also argues that the admission contract was procedurally and substantively unconscionable. The Estate raised this issue at the hearing and in its motion seeking limited discovery and rehearing, but the issue was not developed in the trial court. Under state contract law, a court may decline to enforce a contract if it is procedurally and substantively unconscionable. Powertel v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999), review denied, 763 So.2d 1044 (Fla.2000). In Powertel, the court stated that its standard of review *10 was de novo because the trial court had denied the motion to compel arbitration "based entirely on the trial court's construction of the contract and related documents." Id. at 573. Here, due to the dispute over the authenticity of the contract, it is not clear whether this court even has the entire admission contract before it. Because the Estate sought to present evidence regarding the circumstances of the execution of the contract, we direct that on remand the trial court consider the issue of unconscionability if the appellees are able to establish the authenticity of the contract at an evidentiary hearing.
As a second issue, the Estate appears to be arguing here that there is no subject matter jurisdiction under the Federal Arbitration Act (FAA) because interstate commerce is not involved. It is clear that the state trial court had subject matter jurisdiction over the Estate's action for state statutory violations, negligence, wrongful death, and breach of fiduciary duty. It appears that the Estate couched its argument in terms of subject matter jurisdiction because it did not raise the applicability of the FAA in the trial court. Because this issue does not deal with the trial court's subject matter jurisdiction and the Estate did not raise it below, the claim is waived.
Reversed and remanded.
WHATLEY, J., and SCHEB, JOHN M., (Senior) Judge, concur.