919 So.2d 531 (2005)
Lourdes PRIETO, as Personal Representative of the Estate of Valentin Perez, Deceased, Appellant,
v.
HEALTHCARE AND RETIREMENT CORPORATION OF AMERICA, etc., Appellee.
No. 3D03-3244.
District Court of Appeal of Florida, Third District.
December 21, 2005.
Rehearing and Rehearing Denied February 8, 2006.
Fuller & Suarez; Philip M. Burlington (West Palm Beach), for appellant.
*532 Cole, Scott & Kissane and Christopher B. Hopkins (West Palm Beach), for appellee.
Before GERSTEN, FLETCHER, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied February 8, 2006.
FLETCHER, Judge.
This is an appeal from an order enforcing an agreement, which provided for arbitration and a limitation of liability. We reverse.
Between October 2 and 17, 2001, while residing at a nursing home owned and/or operated by Healthcare and Retirement Corporation of America, Valentin Perez suffered a urinary infection which ultimately resulted in his death on October 31, 2001. Lourdes Prieto, as personal representative of her father's estate, filed the instant action against Healthcare for negligence, wrongful death and violations of Chapter 400 Florida Statutes. Healthcare immediately demanded arbitration and moved to stay the circuit court proceedings based on an agreement signed by Ms. Prieto in connection with her father's admission to the nursing home.
The circumstances surrounding the signing of this agreement were considered by the trial court at an evidentiary hearing. Depositions from Ms. Prieto and the Healthcare admission assistant revealed that, as her father was being transported from the hospital, Lourdes Prieto, the daughter of Valentin Perez, went to the nursing home where she was met by an admission assistant. Ms. Prieto was given a package of forms which she was told to sign in order to have her father admitted to the institution. The forms, which were signed by Ms. Prieto, included an arbitration and limitation of liability agreement which required arbitration of any claims between the parties and placed limits on any damages recovered. Specifically, the agreement provided for net economic damages to be recoverable, but limited non-economic damages to $250,000, and barred recovery of punitive damages, attorney's fees and costs. It also imposed limitations on discovery.
In a memorandum in opposition to the demand for arbitration, Ms. Prieto argued that the arbitration agreement was substantively and procedurally unconscionable and, therefore, invalid. Ms. Prieto claims she was hurried into signing numerous documents described as admission documents which were not explained to her. She contends that she was unable to fully read the documents because her father was en route and she was advised to execute them before he arrived. Healthcare responded that the arbitration provision was clearly labeled in bold print and capital letters and that Ms. Prieto declined to read the documents provided before signing them. They claim Ms. Prieto was never under force or duress to sign them immediately. Healthcare points to the fact that the agreement provided a three-day period during which Ms. Prieto had the opportunity to review the documents at home and rescind them if they did not meet with her approval. The trial court concluded that the combined procedural and substantive unconscionability in the case did not rise to a level sufficient enough to invalidate the arbitration agreement. Therefore, the motion for enforcement and stay was granted.
A trial court's construction of an arbitration provision is reviewable de novo. Fonte v. AT&T Wireless Servs., Inc., 903 So.2d 1019 (Fla. 4th DCA 2005). Where a contract is found to be unconscionable, a trial court may properly decline to enforce it. Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999). In determining the issue of unconscionability, most courts consider both its procedural and substantive *533 aspects. E.g. Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004); Romano v. Manor Care, Inc., 861 So.2d 59 (Fla. 4th DCA 2004); Gainesville Health Care Center, Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003); Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982). The procedural component involves the circumstances surrounding the entering of the contract; thus, the court focuses on whether the parties had a reasonable opportunity to understand the terms of the contract and had a meaningful choice in accepting it. Substantive unconscionability, on the other hand, concerns the actual terms of the contract, and the court must determine whether they are so outrageously unfair as to shock the judicial conscience. Weston, 857 So.2d at 284-85.
In the instant case, the trial court properly considered and found both procedural and substantive unconscionability but, nevertheless, concluded that the arbitration agreement was enforceable. We disagree. As the court found under strikingly similar circumstances in Romano, we also find sufficient irregularity in the circumstances surrounding the execution of the contract amounting to some degree of procedural unconscionability. 861 So.2d at 64. The arbitration agreement was included in a package of numerous documents which Ms. Prieto was asked to sign in order to complete the admission process while her father was on route to the nursing home. The terms of the agreement were never explained to her.
We also find that the limitations found in the arbitration agreement appreciably diminish the statutory rights granted under Chapter 400 of the Florida Statutes. As the Romano court stated:
"Sections 400.022 and 400.023 are remedial statutes, designed to protect nursing home residents. The Nursing Home Resident's Rights Act, section 400.022, was originally enacted after a Dade County Grand Jury investigation of nursing homes revealed substantial elder abuse occurring in many nursing homes without any remedial action being taken. [Citation omitted.] The law set up rights of residents, including the right to appropriate medical care, and requires nursing homes to make public statements of the rights and responsibilities of the residents. See § 400.022(1). To enforce these rights, the legislature provided each resident with a cause of action for their violation. See § 400.023(1). Because the legislature recognized that some of those rights may not be financially valuable, or that compensation may be minimal due to the age of the residents, the statute provides for the award of attorney's fees to assure the ability of the resident to enforce them. See id. [Footnote omitted.] The legislature also provided for the award of punitive damages for gross or flagrant conduct or conscious indifference to the rights of the resident. See § 400.023(5). Moreover, there was no cap on pain and suffering damages in the statute."
861 So.2d at 62-63. The agreement herein deprives the nursing home resident of significant remedies provided for by the statutes. Specifically, it limits non-economic damages, bars punitive damages and attorney's fees[1], and restricts access to discovery necessary to prove statutory violations. For these reasons, we conclude that the agreement is substantively unconscionable.
*534 We reverse the order compelling arbitration and remand for further proceedings in the circuit court.
NOTES
[1] Appellee would have us distinguish Romano solely because the attorney's fee provision of Chapter 400 has been repealed. See § 400.23, Fla. Stat. (2001). Given the other limitations in the agreement, we do not find this argument persuasive.