MORRIS, Judge.
 

 FL-Carrollwood Care Center, LLC; Senior Health Management, LLC; Senior Health Management-Gold Coast, LLC; Dan Davis; Rick Knight; and Carla Russo (collectively referred to as the appellants) appeal a nonfinal order denying their motion to compel arbitration in a civil action filed by the estate of Jerry Jaramillo, Sr. (the Estate), against the appellants. We reverse the order and remand for further proceedings.
 

 The Estate filed a complaint against the appellants for violations of chapters 400 and 415, Florida Statutes (2006), and common law breach of fiduciary duty, relating to the care and treatment received by Jerry Jaramillo when he was a resident at a nursing home operated by the appellants. The appellants filed a motion to compel arbitration pursuant to the terms of an arbitration agreement signed by Jerry Jaramillo’s wife and attorney-in-fact, Loly Jaramillo, when Jerry Jaramillo entered the care of the nursing home.
 

 The trial court held a hearing on the appellants’ motion to compel arbitration. The Estate argued that the arbitration agreement is not enforceable because it is substantively unconscionable because it limits discovery and economic damages, which the Estate argued is contrary to the remedial purpose of chapter 400. The Estate also argued that the agreement is procedurally unconscionable and proffered testimony relevant to that factual question. The appellants responded that the resolution of such a factual question would require an evidentiary hearing. When the appellants argued that any unconscionable provisions of the agreement are severable, the Estate responded that severability is only an issue when considering whether a provision is against public policy and the Estate specifically stated that it was not arguing that the agreement is against public policy. At the conclusion of the hearing, the trial court denied the motion, stating that “it’s against public policy” and referring to this court’s opinion in
 
 Woebse v. Health Care & Retirement Corp. of America,
 
 977 So.2d 630 (Fla. 2d DCA 2008).
 

 On appeal, the appellants argue that the trial court misapplied this court’s decision in
 
 Woebse
 
 and that the trial court did not employ the proper unconscionability analysis. The Estate concedes that the trial
 
 *182
 
 court should have held an evidentiary hearing on the issue of unconscionability. We agree with the appellants’ arguments on these points.
 

 The trial court erred in denying the motion to compel arbitration on the basis of public policy because the public policy issue was never raised by the Estate and this court’s decision in
 
 Woebse
 
 did not turn on the issue of public policy.
 
 See Woebse,
 
 977 So.2d at 633-35 & n. 5 (reversing on the basis of unconscionability and noting that “the issue of whether an agreement is void for violating public policy is a separate and distinct issue from whether an agreement is unconscionable”). We also note that the issue of whether an arbitration agreement is void as being against public policy is an issue that is for the arbiter in the first instance.
 
 See Jaylene, Inc. v. Steuer ex rel. Paradise,
 
 22 So.3d 711, 713 (Fla. 2d DCA 2009);
 
 Rollins, Inc. v. Lighthouse Bay Holdings, Ltd.,
 
 898 So.2d 86, 89 (Fla. 2d DCA 2005).
 

 The trial court should have considered the issue raised by the Estate in ruling on the appellants’ motion to compel arbitration. “When the ‘party opposing arbitration disputes the ... validity of the agreement to arbitrate, the trial court must resolve that issue as a part of its consideration of the motion seeking to compel arbitration.’ ”
 
 Estate of Blanchard ex rel. Blanchard v. Cent. Park Lodges (Tarpon Springs), Inc.,
 
 805 So.2d 6, 9 (Fla. 2d DCA 2001) (quoting
 
 Hill v. Ray Carter Auto Sales, Inc.,
 
 745 So.2d 1136, 1138 (Fla. 1st DCA 1999)). “Section 682.03(1), Florida Statutes [ (2008) ], furnishes a guide to the procedure that the trial court must follow in” resolving the validity of an agreement to arbitrate.
 
 Tandem Health Care of St. Petersburg, Inc. v. Whitney,
 
 897 So.2d 531, 532 (Fla. 2d DCA 2005). The statute provides as follows:
 

 A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
 

 § 682.03(1);
 
 see also Estate of Blanchard ex rel. Blanchard,
 
 805 So.2d at 9 (“If there are disputed issues regarding the making of the agreement, the court must summarily hear and determine the issue in an expedited evidentiary hearing.” (citing
 
 Jalis Constr., Inc. v. Mintz,
 
 724 So.2d 1254 (Fla. 4th DCA 1999))).
 

 “To succeed on an unconsciona-bility claim, there must be a showing of both procedural and substantive uncon-scionability.”
 
 Woebse,
 
 977 So.2d at 632 (citing
 
 Bland ex rel. Coker v. Health Care & Ret. Corp. of Am.,
 
 927 So.2d 252, 256 (Fla. 2d DCA 2006)). Procedural uncon-scionability necessarily takes into account the manner in which the agreement was made.
 
 Id.
 
 At the hearing, the Estate argued that
 

 the facts are identical, really, to the
 
 Woebse
 
 case, in that it was a five-minute process where she was told to sign here and here, that she didn’t read the agreement. It wasn’t explained as an arbitration agreement to her. It was not explained that it was a voluntary process.
 

 Thus, the Estate sufficiently demonstrated that a disputed issue exists as to the making of the agreement so as to require an
 
 *183
 
 evidentiary hearing.
 
 See Linden v. Auto Trend, Inc.,
 
 923 So.2d 1281, 1283 (Fla. 4th DCA 2006) (recognizing that a party may demonstrate that a disputed issue exists as to the making of an arbitration agreement through arguments of counsel at a hearing). Accordingly, the trial court should have held an evidentiary hearing to resolve the issue of procedural unconscionability.
 

 If the trial court concludes that the agreement is procedurally unconscionable, the trial court must also determine whether the agreement is substantively unconscionable on the basis that it limits discovery and noneconomic damages.
 
 See, e.g., Prieto v. Healthcare & Ret. Corp. of Am.,
 
 919 So.2d 531, 533 (Fla. 3d DCA 2005) (“The agreement herein deprives the nursing home resident of significant remedies provided for by the statutes. Specifically, it limits non-economic [sic] damages, bars punitive damages and attorney’s fees, and restricts access to discovery necessary to prove statutory violations. For these reasons, we conclude that the agreement is substantively unconscionable.” (footnote omitted));
 
 Romano ex rel. Romano v. Manor Care, Inc.,
 
 861 So.2d 59, 62-63 (Fla. 4th DCA 2003) (holding agreement was substantively unconscionable because it prevented arbiter from awarding punitive damages and attorney’s fees, awards that were intended by the legislature to be awardable);
 
 see also Woebse,
 
 977 So.2d at 634-35 (agreeing with and adopting analysis in
 
 Romano
 
 and holding that arbitration agreement identical to one in
 
 Romano
 
 was substantively unconscionable because it limited the right to punitive damages).
 

 Because the trial court did not employ an unconscionability analysis and instead ruled on the issue of public policy which was not before it, we reverse the order denying the appellants’ motion to compel arbitration and remand for the trial court to resolve the issue of unconscionability in a manner consistent with this opinion. We do not address the other issues raised by the appellants on appeal as they are either moot or premature.
 

 Reversed and remanded.
 

 NORTHCUTT and VILLANTI, JJ., Concur.