# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-204
Lower Tribunal No. 21-31046 CC
_____

**Seduction Cosmetic Center Corp.,**
Appellant,

vs.

**Von Dunbar,**
Appellee.

An appeal from a non-final order from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Lalchandani Simon PL, Kubs Lalchandani, and Daniel E. Davis, for appellant.

Feinstein & Mendez, P.A., Claudia Cobreiro, and Jessika Interian, for appellee.

Before FERNANDEZ, SCALES, and MILLER, JJ.

MILLER, J.

Appellant appeals from an order denying a motion to compel the arbitration of a dispute over the return of monies advanced for surgical services. In the proceedings below, appellee contended no services were provided, as was necessary to trigger the application of the parties' arbitration clause. Appellant sharply disputed this assertion and alternatively argued that, even if services were not provided, the dispute fell within the ambit of the clause. The trial court resolved the disputed facts in favor of appellee and denied the motion. Drawing upon well-settled precedent, we conclude that the court should have, at a minimum, conducted an evidentiary hearing to resolve the parties' competing contentions. See Tandem Health Care of St. Petersburg, Inc. v. Whitney, 897 So. 2d 531, 533 (Fla. 2d DCA 2005) ("[W]here the facts relating to the elements the trial court is required to consider in determining a motion to compel arbitration are disputed, the trial court is required to hold an evidentiary hearing in order to resolve the matter."); Epstein v. Precision Response Corp., 883 So. 2d 377, 379 (Fla. 4th DCA 2004) ("[T]he facts supporting the issues of arbitration were disputed and the trial court should have held an evidentiary hearing to resolve them."); Est. of Blanchard ex rel. Blanchard v. Cent. Park Lodges (Tarpon Springs), Inc., 805 So. 2d 6, 9–10 (Fla. 2d DCA 2001) (reversing trial court's order denying motion to compel arbitration without first holding

2

evidentiary hearing). We therefore reverse and remand for further proceedings.

Reversed and remanded.