425 So.2d 127 (1982)
MERRILL LYNCH PIERCE FENNER & SMITH, INC., and Brian Sheen, Petitioners,
v.
Helen MELAMED, Respondent.
No. 82-603.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied January 31, 1983.
*128 Bennett Falk of Ruden, Barnett, McClosky, Schuster & Russell, Miami, for petitioner Merrill Lynch Pierce Fenner & Smith, Inc.
H. Michael Easley of Easley, Massa & Willits, P.A., West Palm Beach, for petitioner Brian Sheen.
F. Kendall Slinkman, West Palm Beach, for respondent.
HURLEY, Judge.
When this case was last before us,[1] we held that the substantive portions of the Federal Arbitration Act[2] supersede state law and must be enforced by state courts when the prerequisites of the federal act are satisfied.[3] As a result, we reversed an order denying a motion to compel arbitration and remanded the cause with instructions to reconsider the motion in light of the applicable federal law. Pursuant to our mandate, the trial court conducted a nonevidentiary hearing at which it became evident that there was a dispute between the parties concerning the making of the agreement to arbitrate. But, rather than schedule an evidentiary hearing, the trial court entered a second order denying the motion to compel arbitration. We reverse because the trial court failed to comply with the procedural requirements of section 682.03(1), Florida Statutes (1981).[4]
Speedy resolution of disputes is the raison d'etre of arbitration. Once parties agree to arbitrate, it is essential that they have an easy and quick means to enforce their agreement to arbitrate.[5] Section 682.03(1), Florida Statutes (1981) and 9 U.S.C. § 4 (1970) mirror these concerns and offer a realistic solution in the form of a carefully crafted "abbreviated and summary procedure." Fremont Cake & Meal Co. v. Wilson & Co., 9 F.R.D. 243, 244 (D.Neb. 1949). For example, section 682.03(1) calls for minimal pleadings. It permits the filing of an application or motion to compel arbitration, but does not require the filing of an answer or response. Also, the section requires a hearing to determine whether *129 there are disputed issues regarding the making of the agreement to arbitrate or the failure to comply therewith. If the court discerns that there are no disputed issues, it is required to enter an order compelling arbitration pursuant to the terms of the parties' agreement. On the other hand, if the court finds disputed issues regarding the making of the agreement or the failure, neglect, or refusal to perform the same, the court is mandated to "summarily hear and determine the issue... ." In our view, the latter requirement contemplates an expedited evidentiary hearing.
In the case at bar, counsel for Ms. Melamed refused to stipulate to the authenticity of the agreement to arbitrate. This was sufficient to indicate that a dispute existed about the making of the agreement which, in turn, required the trial court to afford the parties a full evidentiary hearing on the disputed issue. In defense of the able trial judge, it should be noted that neither party brought the statute's mandatory language to the court's attention. Merrill Lynch incorrectly took the position that our mandate left nothing to be done other than to enter an order compelling arbitration. Ms. Melamed, as indicated above, took the opposite tack and argued that Merrill Lynch had failed to carry its burden of establishing the authenticity of the agreement. Under these circumstances, we believe that the interests of justice and the statute's mandatory language compel us to grant the writ of certiorari and quash the trial court's order. Furthermore, to promote the purpose of the statute, i.e., a prompt resolution for the parties' dispute and, at the same time, to permit meaningful appellate review, we request that future orders in this case include express findings of fact and conclusions of law.
Petition Granted; Order Quashed.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981).
[2] 9 U.S.C. §§ 1 to 14 (1970).
[3] See also Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176 (11th Cir.1981).
[4] Because state and federal arbitration procedures are virtually identical, compare § 682.03(1), Fla. Stat. (1981) with 9 U.S.C. § 4 (1970), we need not decide whether the procedural aspects of the federal act are so entwined with its substantive provisions as to require state implementation of both.
[5] Former Chief Judge Kaufman once observed that "[s]peed is one of the great advantages of commercial arbitration." Necchi Sewing Machine Sales Corp. v. Necchi, S.p.A., 369 F.2d 579, 582 (2d Cir.1966). In fact, the benefits of speedy resolution were among the chief motivating factors behind arbitration legislation. "Arbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation. It was never intended that these laws should be used as a means of furthering and extending delays." Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 319 (4th Cir.1938).