546 So.2d 758 (1989)
Steven A. PROPER, Appellant,
v.
DON CONOLLY CONSTRUCTION COMPANY, INC., and Don Conolly, Individually, Appellees.
No. 89-00098.
District Court of Appeal of Florida, Second District.
July 12, 1989.
*759 Jeffrey A. Aman of Smith & Williams, P.A., Tampa, for appellant.
Andrew White, III, of Patton, Boggs & Blow, Tampa, for appellees.
HALL, Judge.
The appellant challenges the nonfinal order which grants the appellees' motion to compel arbitration. He argues that the trial court erred in failing to conduct a full evidentiary hearing on the issue of whether the contract between the appellant and the appellees contained an arbitration provision. We affirm.
In June 1987 the parties entered into a contract to construct an office building in Hillsborough County. Subsequently, the parties modified the original contract on numerous occasions and also executed an addendum to the contract.
Thereafter, the appellant filed a complaint against the appellees alleging breach of contract and fraud and seeking damages resulting from the breach. In response to the appellant's complaint the appellees filed, inter alia, a motion for an order compelling arbitration and staying the action and attached to the motion all the change orders and other documents which constituted the contract between the parties.
At the hearing on the appellees' motions, the appellant argued that the clause in the original contract which called for arbitration in the event of a dispute was not incorporated into the modified contract as it existed at the time the breach occurred and, therefore, arbitration was not warranted.
The trial court considered the documents before it and ruled that the arbitration clause had been incorporated into the contract. The court granted the appellees' motion to compel arbitration and stay the action as to the counts for breach of contract and denied the motion as to the counts solely against Don Conolly, individually. The appellant filed a notice of appeal challenging the trial court's order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v).
After the appellant initiated this appeal, the appellee, Don Conolly Construction Company, Inc., filed a suggestion of pending bankruptcy in this court. Ordinarily, a petition for bankruptcy filed under section 301, 302, or 303 of Title 11 of the United States Code operates as a stay of all judicial or administrative proceedings against the debtor. 11 U.S.C.S. § 362(a) (1985). However, since this appeal does not address the substantive issues involved in the dispute and affects claims which would continue unhampered by the construction company's bankruptcy, we will proceed to determine the issue before us. See W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla. 1989).
The appellant contends that according to Merril Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982), petition for review denied, 433 So.2d 519 (Fla. 1983), and section 682.03(1), Florida Statutes (1987), a trial court is required to conduct a full evidentiary hearing to determine whether there was an agreement to arbitrate before granting or denying a motion for an order compelling arbitration. He argues that the trial court in this case abused its discretion in neglecting to find that a dispute between the parties existed as to the making of an agreement to arbitrate and in denying his request for an evidentiary hearing on the issue.
Section 682.03(1) states that a trial court, upon finding that a substantial issue is raised as to the making of an agreement or provision concerning arbitration, shall "summarily hear and determine the issue and, according to its determination, shall grant or deny the application." The trial court in this case reviewed the documents which constituted the contract, considered the appellant's affidavit and the arguments of counsel, and found that the arbitration clause had been incorporated into the contract. We find that the trial court properly complied with the requirements of the statute by summarily hearing the issue and making a determination based on the contract *760 itself. Accordingly, we affirm the trial court's order.
Affirmed.
FRANK, A.C.J., and ALTENBERND, J., concur.