616 So.2d 98 (1993)
ACUMEN CONSTRUCTION, INC., a Florida corporation, Acumen Construction, Inc., d/b/a Acumen Development, and Kenneth V. Poole Jr., Appellants,
v.
John S. NEHER and S. Lynn Neher, Appellees.
No. 92-03665.
District Court of Appeal of Florida, Second District.
March 19, 1993.
Donald K. Ross, Jr. of Porter, Wright, Morris & Arthur, Naples, for appellants.
Daniel A. Gregory of Asbell, Hains, Doyle & Pickworth, P.A., Naples, for appellees.
HALL, Judge.
Acumen Construction Company appeals the order directing that the Nehers' action against it proceed in circuit court rather than immediately to arbitration. It contends that the trial court should have assumed the truth of its complaint, which alleged the existence of a contract and an addendum. It urges that if there was a substantial issue as to the making of the contract or the addendum, the trial court was required by section 682.03(1), Florida Statutes (1989), to summarily hear and determine the issue and, according to its determination, *99 grant or deny its request for arbitration. We agree, but conclude that was the intent of the trial judge and, accordingly, affirm.
On July 2, 1990, the Nehers entered into a construction contract with Acumen for improvements to be made to their property. The contract contained an arbitration clause. The contract was subsequently amended by an addendum and clarification executed by the parties. The addendum in part appears to provide for recourse to the courts in the event of a dispute.
On November 5, 1991, Acumen filed a demand for arbitration with the American Arbitration Association and on March 20, 1992, the Nehers filed an action against Acumen in the circuit court. That action included a count for declaratory relief regarding the arbitration clause in the original contract. Acumen then moved to dismiss or abate the Nehers' action on the ground that it had already filed a demand for arbitration pursuant to the construction contract between the parties.
The trial court ultimately ordered that the action proceed in circuit court because it found there to be an issue whether a contract existed between the parties and, if it did, whether the original contract or the addendum constituted that contract. The court decided that as a practical matter it should determine the issue because if the arbitration panel were to find there was in fact no contract, the case would be sent back to the circuit court.
Section 682.03(1) provides as follows:
A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
As can be seen, the directives of this statute are mandatory.
This court has held that the existence of a valid contract is a threshold question of law for the trial court. Caltagirone v. School Board of Hernando County, 355 So.2d 873 (Fla. 2d DCA 1978). In Caltagirone, the Hernando Classroom Teachers Association attempted to submit grievances of Caltagirone and another of its members to arbitration pursuant to the collective bargaining agreement between it and the Hernando County School Board. The school board filed a complaint for declaratory relief alleging in part that the contract between it and the HCTA was not valid. In response, the trial court issued a temporary injunction restraining arbitration until he determined whether a valid contract existed between the parties. The case eventually was appealed and this court affirmed the temporary injunction.
In Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982), the trial court, without holding an evidentiary hearing, denied a motion to compel arbitration. The Fourth District reversed, finding that the refusal of Melamed's counsel to stipulate to the authenticity of the agreement to arbitrate was sufficient to indicate that there was a dispute about the making of the agreement, thus triggering the requirement of section 682.03(1) that the trial court conduct a full evidentiary hearing on the issue. The Fourth District noted in defense of the trial judge that neither party had advised him of the mandatory language of section 682.03(1). See also Calloway Homes, Inc. v. Smiley, 422 So.2d 49 (Fla. 4th DCA 1982).
In the instant case, it is clear from the transcript of the hearing on Acumen's motion that, as in Melamed, neither party advised the trial judge of the requirements of section 682.03(1). We have no doubt, however, that the course of action the trial judge took reflects his intent to comply with the spirit of section 682.03(1) and hold an evidentiary hearing on the issue of the *100 existence of the contract to arbitrate. The trial judge's statement that whether a contract existed between the parties would have to be determined reveals that a substantial issue regarding the making of an agreement or provision to arbitrate, as contemplated by section 682.03(1), was raised.
Accordingly, we affirm the order appealed and remand with directions consistent with this opinion and with Melamed and Smiley.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.