724 So.2d 1254 (1999)
JALIS CONSTRUCTION, INC., Appellant,
v.
Peter MINTZ, Appellee.
Nos. 98-2986, 98-3163.
District Court of Appeal of Florida, Fourth District.
January 27, 1999.
Bruce A. Harris and Henry B. Handler of Weiss & Handler, P.A., Boca Raton, for appellant.
E. Cole FitzGerald, III, and Michelle L. Azar of FitzGerald, Hawkins, Mayans & Cook, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant Jalis Construction, Inc., appeals an order denying its motion to compel arbitration. Jalis contracted with appellee to sell a vacant lot and construct a house on that lot. Appellee's suit seeks declaratory relief, including a determination of whether the parties had a sufficient meeting of the minds to enter a valid contract.
Jalis moved to compel arbitration under the contract that is the subject of the complaint for declaratory relief. The trial court denied the motion, finding that arbitration would not be available until after there had been a decision on the merits of the appellee's complaint as to the existence of a valid contract. Because we agree with Jalis that the trial court was required to determine whether the parties had a valid arbitration agreement before ruling on the motion to compel arbitration, we reverse.
Under the Florida Arbitration Code, section 682.03(1), Florida Statutes (1997), when the party opposing arbitration disputes the existence or validity of an agreement to arbitrate, the trial court is to resolve that *1255 question as part of the ruling on the motion to compel arbitration.[1] The language of the statute is mandatory. As this court explained in Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982), rev. denied, 433 So.2d 519 (Fla.1983):
"[I]f the court finds disputed issues regarding the making of the agreement or the failure, neglect, or refusal to perform the same, the court is mandated to `summarily hear and determine the issue....' In our view, the latter requirement contemplates an expedited evidentiary hearing."
425 So.2d at 129.
We read the statute as requiring a preliminary summary disposition even where, as here, the complaint seeks a judicial determination of the existence of the agreement. The order denying arbitration is reversed. On remand the trial court shall hold an expedited evidentiary hearing to determine the existence of an agreement to arbitrate.
REVERSED AND REMANDED.
POLEN, FARMER and STEVENSON, JJ., concur.
NOTES
[1] That section provides:

"A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application." [e.s.]