816 So.2d 829 (2002)
TRAVELERS INSURANCE COMPANY a/s/o Spiegel Meats, Inc., and Spiegel Meats, Inc., Appellants,
v.
IRBY CONSTRUCTION CO., INC., a foreign corporation, doing business in Florida, and Florida Power and Light Company, a Florida corporation doing business in Florida, Appellees.
No. 3D02-169.
District Court of Appeal of Florida, Third District.
May 22, 2002.
Killgore, Pearlman, Stamp, Ornstein & Squires and Thomas H. Justice, III (Orlando) for appellants.
O'Connor, Chimpoulis, Restani, Marrero & McAllister and David R. Cassetty, for appellee, Irby Construction Co., Inc.
Before LEVY and GERSTEN, JJ., and NESBITT, Senior Judge.
*830 NESBITT, Senior Judge.
Travelers Insurance Company as subrogee of Spiegel Meats, Inc., and Spiegel Meats, Inc., filed a complaint for negligence against Irby Construction Company and Florida Power & Light Company. In response to the complaint, Irby served a "Motion to Dismiss for Improper Venue." At a hearing on that motion, the lower court denied the motion, but sua sponte, converted the motion into a Motion to Abate the Action Pending Arbitration. The court then entered an order granting that motion, which Travelers here appeals. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(v).
In ruling on a motion to compel arbitration, a court must consider:(1) whether the parties have entered into a valid arbitration agreement, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). A court must summarily hear and determine disputed issues regarding arbitration in an expedited evidentiary hearing. See Jalis Constr., Inc. v. Mintz, 724 So.2d 1254 (Fla. 4th DCA 1999).
Here, the parties clearly disagree as to the existence and applicability of any agreement to arbitrate. Irby concedes that it did not present the trial court with the written agreement supporting its position.[1] Under the facts at hand, we agree with Travelers that the trial court's sua sponte actions and were inadequate to determine the contested point. Accordingly, the order under review is reversed and the matter remanded for an expedited evidentiary hearing to make a determination as to the nature and extent of the right to compel arbitration, after consideration of those elements outlined in Seifert.
NOTES
[1] Despite this court's effort to substantiate the lower court's ruling by requesting supporting documentation, the parties' submissions only confirm the need for an evidentiary hearing.