897 So.2d 531 (2005)
TANDEM HEALTH CARE OF ST. PETERSBURG, INC., a Florida corporation, Appellant,
v.
Janet Lee WHITNEY, as Personal Representative of the Estate of Richard I. Mugridge, deceased, Appellee.
No. 2D04-2262.
District Court of Appeal of Florida, Second District.
March 4, 2005.
Connolly C. McArthur and Donna J. Fudge of Buckley & Fudge, P.A., St. Petersburg, for Appellant.
D. Keith Thomas of Santa Lucia & Thomas, P.A., Clearwater, for Appellee.
WALLACE, Judge.
Tandem Health Care of St. Petersburg, Inc. (Tandem), appeals an order denying its motion to compel arbitration. Because the trial court declined to conduct an evidentiary hearing before determining Tandem's right to arbitration, we reverse and remand for further proceedings.
In November 2001, Richard Mugridge resided in a nursing home operated by Tandem in St. Petersburg. After Mr. Mugridge's death, Janet Lee Whitney (the Personal Representative) was appointed as the personal representative of his estate. The Personal Representative filed an action against Tandem asserting claims for the alleged violation of Mr. Mugridge's rights as a nursing home resident pursuant *532 to section 400.022, Florida Statutes (2001), and for common law negligence. Tandem promptly moved to compel arbitration based on an arbitration clause contained in the nursing home's standard admission agreement.
The trial court conducted a nonevidentiary hearing on Tandem's motion. The trial court had before it at the hearing a copy of the admission agreement and a deposition made by Tandem's "admission coordinator" relative to the circumstances surrounding Mr. Mugridge's admission to the nursing home. The Personal Representative's written response to Tandem's motion to compel arbitration and her counsel's arguments at the hearing left no doubt that the Personal Representative disputed the existence of an agreement to arbitrate. Under the circumstances of this case, the adjudication of this issue would require the determination of several mixed questions of law and fact. The trial court announced at the conclusion of the hearing that it would deny the motion to compel based on a finding that "there does not appear to be sufficient record evidence to support the motion here today." Tandem's counsel requested an evidentiary hearing as "the next stage of this process," but the trial court declined to grant the request. This was error.
In ruling on a motion to compel arbitration, there are three elements that the trial court must consider: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). Section 682.03(1), Florida Statutes (2003), furnishes a guide to the procedure that the trial court must follow in adjudicating these three elements. The statute provides:
A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
For parties who have agreed to arbitrate, the statute offers an easy and quick means to enforce their agreement "in the form of a carefully crafted `abbreviated and summary procedure.'" Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 128 (Fla. 4th DCA 1982) (quoting Fremont Cake & Meal Co. v. Wilson & Co., 9 F.R.D. 243, 244 (D.Neb.1949)). If there are disputed issues concerning the making of the agreement, the statutory requirement that the court "shall summarily hear and determine the issue" contemplates an expedited evidentiary hearing. Id. at 129; see also Jalis Constr., Inc. v. Mintz, 724 So.2d 1254 (Fla. 4th DCA 1999). The statutory directives are mandatory in nature. Acumen Constr., Inc. v. Neher, 616 So.2d 98, 99 (Fla. 2d DCA 1993).
There are cases in which the trial court can determine the existence of an agreement to arbitrate without conducting an evidentiary hearing. In Proper v. Don Conolly Construction Co., 546 So.2d 758 (Fla. 2d DCA 1989), the party opposing arbitration contended that an arbitration clause in the parties' original contract was not incorporated into a modified contract as it existed at the time the alleged breach of contract occurred. Id. at 759. Without *533 conducting an evidentiary hearing, the trial court granted the motion to compel arbitration based on its review of the contract documents, an affidavit, and the arguments of counsel. Id. The trial court in Proper was able to comply with section 682.03(1) by summarily hearing the issue and determining that the arbitration clause had been incorporated into the contract based on the contract itself. Id. Thus this court affirmed the trial court's order compelling arbitration. The absence of disputed factual issues relative to the existence of an agreement to arbitrate was critical to the affirmance in Proper. On the other hand, where the facts relating to the elements the trial court is required to consider in determining a motion to compel arbitration are disputed, the trial court is required to hold an evidentiary hearing in order to resolve the matter. See Estate of Blanchard v. Cent. Park Lodges (Tarpon Springs), Inc., 805 So.2d 6, 9 (Fla. 2d DCA 2001); Acumen Constr., Inc., 616 So.2d at 99; Epstein v. Precision Response Corp., 883 So.2d 377, 379 (Fla. 4th DCA 2004); Travelers Ins. Co. v. Irby Constr. Co., 816 So.2d 829, 830 (Fla. 3d DCA 2002); Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999).
Under the circumstances of this case, the determination of whether a valid agreement to arbitrate was in existence turned on the resolution of a variety of factual issues. Thus the trial court could not properly determine Tandem's motion to compel arbitration without conducting an evidentiary hearing. Accordingly, we reverse the trial court's order and remand for an expedited evidentiary hearing on the existence and validity of a written agreement to arbitrate.
Of course, our reversal of the trial court's order is based on procedural grounds only. We express no opinion on the merits of Tandem's motion to compel arbitration.
Reversed and remanded for further proceedings consistent with this opinion.
SALCINES and STRINGER, JJ., concur.