923 So.2d 1281 (2006)
Francis J. LINDEN, an individual, Appellant,
v.
AUTO TREND, INC., a Florida corporation, and Premier Partners, Inc., a Florida corporation, Appellees.
No. 4D05-3131.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
Robert W. Murphy, Fort Lauderdale, for appellant.
John T. Mulhall, III of Rutherford Mulhall, P.A., Boca Raton, for appellee Premier Partners, Inc., a Florida corporation.
GROSS, J.
This is an appeal from a non-final order compelling arbitration. We affirm, finding *1282 that at the hearing on the motion to compel arbitration, appellant failed to demonstrate that an evidentiary hearing was required to resolve the motion.
Appellant, Francis Linden, filed a multi-count complaint against Auto Trend, Inc., and Premier Partners, Inc., arising out of Linden's purchase of a Mercedes SLK 230 automobile. The defendants moved to compel arbitration. Attached to the motion was a "purchase order for a motor vehicle" that appears to be signed by Linden; on the back of the purchase order is a long paragraph describing mediation/arbitration procedures. Linden sought discovery from Premier Partners, which moved to strike the discovery request.
Linden noticed the motion to strike for hearing on a uniform motion calendar. Premier Partners noticed the motion to compel arbitration for the same hearing.
At the hearing on the motions, Linden's attorney took the position that the motion to compel arbitration required an evidentiary hearing to address "the arbitration issues." When the court asked the attorney to identify the issues, the attorney generally identified the "three elements for courts to consider in ruling on a motion to compel arbitration:"[1] "One, whether or not a valid agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitration has been waived."
The court tried to get the attorney to be specific about his objection to arbitration. At the end of a paragraph of legal argument, the attorney said "we don't agree that there is an arbitration agreement." Referring to the arbitration agreement attached to the motion to compel, the court asked, "What is unconscionable about the arbitration agreement?" The attorney responded that his client "did not agree to arbitrate anything." When the court asked Linden's attorney whether Linden "signed the document," the attorney replied with a question, "Are you making that conclusion, Judge?"
Later in the hearing, the trial court asked if Linden had addressed the arbitration issues in his "pleadings." The attorney responded: "Is there a requirement that I have to, Judge? Because I don't see any case law that says that." Moments later, the trial court granted the motion to compel arbitration.
Section 682.03(1), Florida Statutes (2005), governs proceedings to compel arbitration. The statute provides that a party seeking arbitration "may make application to the court for an order directing the parties to proceed with arbitration." Id.
If the court is satisfied that no substantial issue exists as to the making of the [arbitration] agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
Id. The statute "requires a hearing to determine whether there are disputed issues regarding the making of the agreement." Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 128-29 (Fla. 4th DCA 1982). "If the court discerns that there are no disputed issues, it is required to enter an order compelling arbitration pursuant to the terms of the parties' agreement." Id. at 129. If the court finds disputed issues concerning the making of the agreement, it must set "an expedited evidentiary hearing." Id. Melamed thus contemplates that a court will *1283 decide if there is a disputed issue before setting the expedited evidentiary hearing. Id.
The question presented in this case is the procedure for deciding whether "a substantial issue is raised" as to the making of the agreement. The statute does not require the filing of a pleading before the court makes this preliminary determination; rather section 682.03(1) contemplates an "abbreviated and summary procedure" for raising issues, akin to the small claims rules, which allow a defendant to raise issues at a preliminary hearing, without the necessity of written pretrial motions or defensive pleadings. Melamed, 425 So.2d at 128; see Fla. Sm. Cl. R. 7.090(b) & (c), 7.135 (allowing court to enter "appropriate order or judgment" if it appears at the pretrial conference that "there is no triable issue"). Because "[s]peedy resolution of disputes is the raison d'etre of arbitration," section 682.03(1) contemplates "an easy and quick means to enforce" an arbitration agreement. Melamed, 425 So.2d at 128.
Examination of the case law reveals four ways that parties might demonstrate to a court that a disputed issue exists "as to the making of the agreement" within the meaning of section 682.03(1):(1) arguments of counsel at a hearing, see Houchins v. King Motor Co. of Fort Lauderdale, Inc., 906 So.2d 325, 328 (Fla. 4th DCA 2005); Proper v. Don Conolly Constr. Co., 546 So.2d 758, 759 (Fla. 2d DCA 1989); (2) the filing of a written response in opposition to arbitration, see Epstein v. Precision Response Corp., 883 So.2d 377, 378 (Fla. 4th DCA 2004); Tandem Health Care of St. Petersburg, Inc. v. Whitney, 897 So.2d 531, 532 (Fla. 2d DCA 2005); (3) the filing of affidavits, see Proper, 546 So.2d at 759; and (4) review of documents furnished by counsel. Id.
In this case, at the hearing on the motion to compel arbitration, Linden's attorney failed to specify any issue that required an evidentiary hearing. The attorney talked in generalities. He answered the judge's questions with questions. Although his appellate brief argues that the arbitration provision is unconscionable, Linden did not raise this issue at the hearing on the motion to compel arbitration, even though invited to do so by the trial judge. Faced with a signed contract containing an arbitration clause, Linden needed to explain to the trial court how an evidentiary hearing was necessary to resolve a substantial issue concerning arbitration. Linden's attorney incorrectly assumed that an evidentiary hearing is always required once a motion to compel arbitration is filed. The trial court complied with the statute by summarily hearing the issue, discerning that there were no disputed issues of fact, and entering an order compelling arbitration pursuant to the parties' agreement.
Affirmed.
STONE and MAY, JJ., concur.
NOTES
[1] Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999).