PER CURIAM.
Johnson, Pope, Bokor, Ruppel & Burns, LLP, and Roger Larson (collectively, Johnson Pope) appeal the circuit court’s order that denied their motion to compel arbitration.[1] After a nonevidentiary hearing on the motion that was originally scheduled for five minutes but lasted considerably longer, the trial judge declined to order arbitration and explained:
[Bjecause there obviously appears to be a major factual dispute as to the signing of the document [containing the arbitration provision] that I do not feel comfortable simply slating [sic] like a summary judgment. I’m not prepared to grant that right now under the circumstances with the factual disputes.
The circuit court subsequently entered a written order denying the motion to compel arbitration and directing Johnson Pope to respond to the plaintiffs’ complaint. In the order denying the motion to compel, the circuit court stated: “[T]he defendants’ motion to compel arbitration is denied at this time as the Court finds that there are disputed facts relating to the formation of the agreement which contains the arbitration provision.”
Johnson Pope moved for rehearing and requested an expedited evidentiary hearing on its motion in accordance with section 682.03(1), Florida Statutes (2008). The circuit court denied the motion for rehearing without explanation. This appeal followed.
The circuit court’s order denying the motion to compel arbitration expressly acknowledged the existence of disputed issues of fact concerning the making of the agreement to arbitrate. Accordingly, the circuit court was required to conduct an expedited evidentiary hearing in order to resolve the matter. See Tandem Health Care of St. Petersburg, Inc. v. Whitney, 897 So.2d 531, 532-33 (Fla. 2d DCA 2005). For this reason, we reverse the order denying Johnson Pope’s motion to compel arbitration and remand for the circuit court to conduct an expedited evidentiary hearing to resolve the disputed issues of fact necessary to a ruling on the motion.
*453 Reversed and remanded for further proceedings.
CASANUEVA, C.J., and NORTHCUTT and WALLACE, JJ., Concur.

. We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).