DAVIS, Judge.
 

 FL-Carrollwood Care Center, LLC; Senior Health Management-Gold Coast, LLC; Dan Davis; Senior Health Management, LLC; Rick L. Knight; and Carla H. Russo (collectively “Carrollwood”) challenge the trial court’s interlocutory order denying their motion to compel arbitration in the negligence action brought against them by the Estate of Robert Dixon Gordon, Sr., by and through the Estate’s personal representative, Patricia Ann Gordon. Because the trial court erred in failing to grant Carrollwood’s request for an eviden-tiary hearing on the motion, we reverse and remand for further proceedings.
 

 The Estate’s suit against Carrollwood stems from Mr. Gordon’s stay at a Carroll-wood facility. Mr. Gordon entered the facility on October 31, 2007. On November 1, 2007, he signed the admissions agreement, which included an arbitration clause. Once the Estate filed its complaint, Carrollwood moved to dismiss and to compel arbitration pursuant to the agreement. Two days before the scheduled hearing on Carrollwood’s motion, the Estate filed a response, arguing that no valid arbitration agreement existed because, at the time he signed the agreement, Mr. Gordon lacked the necessary capacity to enter into a contract.
 

 At the hearing on the motion, both parties presented argument and some documentary evidence. The Estate presented Carrollwood’s nursing records for Mr. Gordon for the days between his entry into the facility and his signing the admissions agreement, and each party relied on a different portion of the deposition of Car-rollwood admissions assistant Mari Fernandez. During the hearing, counsel for Carrollwood specifically stated, “[I]f Your Honor is inclined to find that they have raised a disputed issue as to [Mr. Gordon’s] mental capacity, I would ask for an evidentiary hearing later at some point where we can look at discovery parameters so that I can also get an expert to look at it.” The court, however, did not grant this request. Instead, the trial court entered a two-paragraph order denying the motion to dismiss and compel arbitration and making the factual finding “that Robert Dixon Gordon, Sr., was not capable of understanding the nature and quality of the arbitration or its significance and consequences.”
 

 On appeal, Carrollwood argues that a substantial issue of fact existed and that as such the trial court erred in denying Car-rollwood’s request for an evidentiary hearing. We agree.
 

 Section 682.03(1), Florida Statutes (2007), provides as follows:
 

 A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order
 
 *806
 
 directing the parties to proceed with .arbitration in accordance with the terms thereof.
 
 If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue
 
 and, according to its determination, shall grant or deny the application.
 

 (Emphasis added.)
 

 In considering this statute, this court has determined that “[i]f there are disputed issues concerning the making of the agreement, the statutory requirement that the court ‘shall summarily hear and determine the issue’ contemplates an expedited evidentiary hearing.”
 
 Tandem Health Care of St. Petersburg, Inc. v. Whitney,
 
 897 So.2d 531, 532 (Fla. 2d DCA 2005). Here, the parties clearly disputed whether Mr. Gordon had the requisite capacity to enter into the contract, and Carrollwood specifically requested that an evidentiary hearing be held on that issue. By allowing the parties to present the documentary evidence and by making the finding in its order that Mr. Gordon lacked the capacity to enter the contract, the court implicitly determined that a substantial issue concerning the making of the agreement was raised. It was therefore error for the court to rule on that issue without holding a full evidentiary hearing.
 
 See id.
 
 at 533 (“[W]here the facts relating to the elements the trial court is required to consider in determining a motion to compel arbitration are disputed, the trial court is required to hold an evidentiary hearing in order to resolve the matter.”).
 

 Accordingly, we reverse the trial court’s order on procedural grounds and remand for an expedited evidentiary hearing on the issue of whether Mr. Gordon had the requisite capacity to enter into the arbitration agreement.
 

 Reversed and remanded.
 

 WHATLEY and LaROSE, JJ„ Concur.