[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15480
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:10-cv-00099-JES-SPC

RONALD GILMORE,
as Personal Representative of the Estate of Vera Gilmore,

Plaintiff - Appellee,

versus

LIFE CARE CENTERS OF AMERICA, INC.,
LIFE CARE CENTERS OF AMERICA, INC., OF TENNESSEE,
LEE COUNTY MEDICAL INVESTORS, LLC,
agent of Life Care Center of Estero,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 27, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Life Care Centers of America, Inc. (Life Care) appeals the district court's denial of its motion to compel arbitration in a nursing home negligence suit brought by Ronald Gilmore on behalf of the estate of his mother, Vera Gilmore. Life Care claimed arbitration was required because Vera Gilmore signed a two-page Voluntary Agreement for Arbitration upon her arrival at the Life Care facility. Ronald Gilmore asserted that his mother lacked capacity to enter into the arbitration agreement, and the agreement was therefore void. Following an evidentiary hearing at which it heard testimony from Ronald Gilmore and accepted exhibits from both sides, the district court concluded Vera Gilmore lacked the capacity to enter into the arbitration agreement. The court therefore denied Life Care's motion to compel arbitration. Having carefully considered the record and the briefs, we affirm.

In reviewing a district court's order denying a motion to compel arbitration, this Court "accepts the district court's findings of fact that are not clearly erroneous." *Multi-Financial Secs., Corp. v. King*, 386 F.3d 1364, 1366 (11th Cir. 2004).

As the district court explained in its Oct. 7, 2010, order, we look to Florida contract law to determine whether Vera Gilmore had the capacity to enter into the arbitration agreement in this case. *See First Options of Chicago, Inc. v. Kaplan*,

2

514 U.S. 938, 944 (1995) (explaining that courts generally apply ordinary state-law contract principles in deciding whether the parties have agreed to arbitration). Under Florida law, a contracting party is presumed competent unless it is shown by a preponderance of the evidence that the party could not comprehend the nature and effect of the transaction. *Saliba v. James*, 196 So. 832, 835 (Fla. 1940). The testimony of a lay witness may be competent evidence of a party's capacity, even when contradicted by medical testimony. *In re Estate of Hammerman*, 387 So. 2d 409, 411 (Fla. 4th DCA 1980).

The evidence presented by the Ronald Gilmore showed that he was not present when his mother arrived at the Life Care facility and did not participate in the intake process. One month earlier, however, when Vera Gilmore was admitted to another facility and asked to sign a similar set of intake paperwork, she was deemed incapable of making her own healthcare decisions, and Ronald Gilmore signed the paperwork as her legal representative. An intake evaluation completed by a nurse upon Vera Gilmore's arrival at Life Care's facility shows that the nurse had originally checked that Ms. Gilmore's cognitive status was "oriented," but then crossed that out. Ronald Gilmore testified that at the time his mother was admitted to the Life Care facility, she was in and out of lucidity, had hallucinations, and could not understand anything very complex. She had been

3

diagnosed with dementia and prescribed an anti-psychotic medication. Medical records submitted by the plaintiff indicated that Vera Gilmore had been declining into a state of dementia for several years. An evaluation by a physician's assistant less than two weeks after Vera Gilmore signed the arbitration agreement indicated that Ms. Gilmore was "distraught, anxious, frail" and suffering dementia. Her mental status was listed as "oriented to person, confused."

Life Care, on the other hand, relies on evidence that when a psychologist interviewed Vera Gilmore six days after her admission to Life Care, he found her capable of making medical decisions and questioned the need for her anti-psychotic medication.

Given the facts before the district court, we cannot say the district court clearly erred in determining that Vera Gilmore lacked capacity to enter into the arbitration agreement. We therefore affirm.

**AFFIRMED.**