DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMERICAN MANAGEMENT SERVICES, INC.,** and **BRANDY FEDORAK,**
Appellants,

v.

**JUANITA MERCED,**
Appellee.

No. 4D15-1385

[March 2, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 2014-CA-001551-CE.

B. Tyler White and Richard N. Margulies of Jackson Lewis P.C., Jacksonville, for appellants.

Chelsea A. Lewis and Chris Kleppin of Glasser & Kleppin, P.A., Plantation, for appellee.

PER CURIAM.

Appellants American Management Services, Inc., d/b/a Pinnacle Realty Group, Inc. ("Pinnacle") and Brandy Fedorak appeal the denial of their motion to compel arbitration. Because we find that the trial court erred in failing to set an expedited evidentiary hearing, we reverse and remand.

Appellee Juanita Merced sued Pinnacle, her former employer, and Fedorak, her former regional manager, alleging negligent and intentional infliction of emotional distress, violation of the Florida Whistleblower Act, and violation of the Florida Civil Rights Act. Pinnacle and Fedorak filed a motion to compel arbitration, alleging that Merced electronically signed an arbitration agreement when she applied online for employment with Pinnacle in September 2011.

Merced opposed the motion, asserting in a sworn affidavit that she never executed an arbitration agreement. In response, Pinnacle and Fedorak filed a sworn declaration stating that Merced typed the date, her name, and her full social security number into the online application to

indicate her consent to arbitration. The trial court held a brief hearing and denied the motion without prejudice, stating there were factual issues that needed to be resolved and it would reconsider the issue after additional discovery. Pinnacle appeals the denial.

On appeal from the denial of a motion to compel arbitration, the trial court's factual findings are reviewed for competent substantial evidence, but the court's legal analysis is reviewed de novo. *See BDO Seidman, LLP v. Bee,* 970 So. 2d 869, 873-74 (Fla. 4th DCA 2007).

When a party seeks to compel arbitration and the other party opposes the motion, the trial court must first determine whether there are disputed factual issues regarding the making of the arbitration agreement. *See* § 682.03(1)(b), Fla. Stat. (2010); *Linden v. Auto Trend, Inc.,* 923 So. 2d 1281, 1282-83 (Fla. 4th DCA 2006) (citing *Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed,* 425 So. 2d 127, 128-29 (Fla. 4th DCA 1982)). A disputed factual issue can be established by the arguments of counsel at a hearing, by the filing of a written response in opposition to arbitration, or by the filing of affidavits or other documents. *See Linden,* 923 So. 2d at 1283. If the court determines that there is a substantial disputed issue, then it must set an expedited evidentiary hearing. *Id.* at 1282-83; *see also Wallshein v. Shugarman,* 50 So. 3d 89, 91-92 (Fla. 4th DCA 2010); *Curcio v. Sovereign Healthcare of Boynton Beach, LLC,* 8 So. 3d 449, 450-51 (Fla. 4th DCA 2009).

Here, having found that there was a substantial question of fact regarding the making of the arbitration agreement, the trial court should have set it for an expedited hearing. It was error to deny the motion pending further discovery without setting the hearing. We therefore reverse and remand for the trial court to promptly set a hearing.

*Reversed and remanded with instructions.*

CIKLIN, C.J., WARNER and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2