DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARAINE A. CALWAY**,
Appellant,

v.

**DAVID R. CALWAY.**
Appellee.

No. 4D22-358

[November 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502018CA003147XXXXMB.

Laraine A. Calway, West Palm Beach, pro se.

David R. Calway, Lake Worth Beach, pro se.

PER CURIAM.

Laraine Calway appeals a detailed amended order barring her from filing further submissions in the instant case in the lower court except for a notice of appeal, and from instituting further actions against Appellee David Calway unless represented by a member of the Florida Bar.

The court's ruling, based on its consideration of appellant's submissions and her statements at the show-cause hearing, concluded that "absent the sanctions set forth" in the order, appellant "will continue to abuse the judicial process in order to vex and harass" appellee.

Pursuant to Florida Rule of Appellate Procedure 9.200(f), this court gave appellant an opportunity to supplement the record regarding the show-cause hearing. One day later, appellant filed a notice of her filing a case in bankruptcy.

We affirm the amended order.

We conclude that the bankruptcy stay does not prevent us from affirming the amended order.

Because the final order on appeal did not involve an action against appellant as a debtor or against appellant's bankruptcy estate, the automatic stay does not preclude this court from disposing of the appeal.

"Congress enacted the Bankruptcy Reform Act of 1978 [] and included in it a provision that automatically stays all legal proceedings **against a debtor** upon the debtor's filing of a petition seeking bankruptcy protection." *Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc.*, 46 Fla. L. Weekly D165, at *2 (Fla. 3d DCA Jan. 13, 2021) (emphasis added).

"Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is so because § 362's stay is mandatory and 'applicable to all entities', including state and federal courts." *Mar. Elec. Co., v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992) (citing 11 U.S.C. § 362(a)).

"Although the scope of the automatic stay is undeniably broad, it does not serve to stay all actions involving the bankrupt party. Rather, the reach of the automatic stay is limited by its purposes," *Kozich v. Cavallaro (In re Kozich)*, 406 B.R. 949, 953 (Bankr. S.D. Fla. 2009), one of which is to preserve "the status quo for the . . . debtor." *Merrick v. Whitmore (In re Merrick)*, 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994). As such, "this primary objective is inapplicable to [the debtor]'s offensive action." *See id.*

Federal cases hold that the automatic stay does not apply to an action brought by the debtor. *Shah v. Glendale Fed. Bank*, 52 Cal. Rptr. 2d 417, 420, 420 n.3 (Ct. App. 1996) (noting that "federal circuit courts have consistently held, relying on the language of the automatic stay provision and the policy underlying it, that section 362(a)(1) is applicable only to actions *against* the debtor; not to actions *brought by* the debtor," and "[t]he bankruptcy courts agree") (collecting cases).

We have recognized that there is no need to obtain relief from the section 362 automatic stay when "[t]he underlying final order on appeal was not an action against [the] debtor." *Fountas v. Microcomputer Res., Inc.*, 87 So. 3d 1256, 1257 n.1 (Fla. 4th DCA 2012); *see also Proper v. Don Conolly Const. Co.*, 546 So. 2d 758, 759 (Fla. 2d DCA 1989) (disposing of an appeal of a non-final order granting a motion to compel arbitration, despite the debtor's pending bankruptcy petition, because the "appeal does not address the substantive issues involved in the dispute and affects claims which would continue unhampered by the [debtor]'s bankruptcy").

This case is similar to *In re Kozich*. In that case, the court ruled that "there is no reason for the automatic stay to apply to the continuation of the proceeding in question in the Fourth District Court of Appeal," which involved a debtor's appeal of an order dismissing of a complaint he filed against certain defendants. 406 B.R. at 951–53. The underlying case had been filed "in violation of standing orders finding him to be a vexatious litigant and prohibiting him from filing *pro se* causes of action in the 17th Judicial Circuit." *Id.* at 952. Like appellant in this case, the *Kozich* debtor initiated both the original action and the appeal, and the defendants did not try to exercise control over the property of the debtor's estate.

*Affirmed.*

GROSS, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***