DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDNA CROOKS,** as attorney in fact to
**FRANCES P. STREEM**,
Appellant,

v.

**WELLS FARGO ADVISORS, LLC** n/k/a
**WELLS FARGO CLEARING SERVICES, LLC,**
Appellee.

No. 4D2025-0751

[September 24, 2025]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562016CA002204.

Richard D. Sneed, Jr. of Richard D. Sneed, Jr. P.A., Vero Beach, for appellant.

Dale A. Evans Jr., Thomas J. Cunningham, and Andrew M. Abreu of Troutman Pepper Locke LLP, West Palm Beach, for appellee.

PER CURIAM.

Appellant Edna Crooks appeals from an order granting a motion to compel the arbitration of an underlying negligence claim against appellee Wells Fargo Advisors ("Wells Fargo"). We reverse because the trial court should have conducted an evidentiary hearing on the disputed issue of whether an agreement to arbitrate was entered.

**Background**

In the proceedings below, Appellant complained that Wells Fargo's negligence permitted Appellant's late sister to be financially exploited by another individual who allegedly opened an unauthorized financial account at Wells Fargo with the sister's $671,078.45, nearly all of which was subsequently transferred to the individual's personal account. Appellant's suit contends that Wells Fargo owed a duty or obligation to Appellant's sister, an elderly and vulnerable adult.

Wells Fargo moved to compel arbitration of Appellant's complaint, contending that Appellant's sister was a party to account agreements which mandated disputes would be referred to arbitration. Appellant opposed the motion, contending her sister had not signed the account agreements and thus had not waived litigation. The second judge assigned to this case scheduled an evidentiary hearing on this threshold issue. That hearing was continued prior to its completion and before Appellant could present evidence. A successor judge declined to hold an evidentiary hearing and instead held a non-evidentiary hearing. The trial court ultimately granted Wells Fargo's motion to compel arbitration, determining: (1) a valid written agreement to arbitrate existed; (2) an arbitrable issue existed; and (3) Wells Fargo did not waive its right to arbitration.

This appeal follows.

## Analysis

Appellant's appeal primarily challenges the trial court's determination that an arbitrable issue existed. Appellant also argues that a valid written agreement to arbitrate did not exist. We solely address this second claim.

The proponent of an arbitration agreement has to prove its existence and validity. *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). Appellant opposed the motion to compel arbitration by affidavit alleging that Appellant's sister had not signed the account agreements in question. Appellant alleged that she was familiar with her sister's signature and the signature appearing on the documents containing the arbitration agreement was not that of her sister.

Because Appellant disputed whether an agreement to arbitrate existed, the trial court should have held an evidentiary hearing. *See Tandem Health Care of St. Petersburg, Inc. v. Whitney*, 897 So. 2d 531, 533 (Fla. 2d DCA 2005) ("[W]here the facts relating to the elements the trial court is required to consider in determining a motion to compel arbitration are disputed, the trial court is required to hold an evidentiary hearing in order to resolve the matter." (collecting cases); *Seduction Cosmetic Ctr. Corp. v. Dunbar*, 389 So. 3d 606, 607 (Fla. 3d DCA 2023) (reversing and remanding for an evidentiary hearing on a motion to compel arbitration where the facts supporting the issues of arbitration were disputed); *Nowicki v. Get Wet Watersports, Inc.*, 408 So. 3d 785, 789–90 (Fla. 4th DCA 2025) (explaining that although an evidentiary hearing is not always required on a motion to compel arbitration, the key determination is whether a factual

2

dispute exists, and when a party affirmatively contests the authenticity of a signature on an arbitration agreement, an evidentiary hearing is warranted).

## Conclusion

We reverse and remand for an evidentiary hearing as to "the threshold determination of whether an agreement to arbitrate was formed . . . ." *HHH Motors, LLP v. Holt,* 152 So. 3d 745, 747–48 (Fla. 1st DCA 2014). As our reversal is only on procedural grounds, we express no opinion on the merits of the motion to compel arbitration and thus do not address Appellant's arguments related to whether an arbitrable issue existed.

*Reversed and remanded.*

GERBER, LEVINE and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***