DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES L. OWENS,** an individual, **LEOPOLDO BARQUERO,**
an individual, **MIKE PENNACHIO,** an individual, and
**TT OF N. ROYAL PALM, INC.** d/b/a **SOUTHERN 441 NISSAN,**
a Florida for-profit corporation,
Appellants,

v.

**H.V. ALBRECHT,**
Appellee.

No. 4D2025-2522

[May 27, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory Miller Keyser, Judge; L.T. Case No. 502024CA010474XXXAMB.

Katheryn Lee Ender and Robert Eric Sickles of Dinsmore & Shohl, LLP, Miami, for appellants.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellee.

PER CURIAM.

Appellants seek review of a non-final order denying their motion to stay proceedings and compel arbitration. Fla. R. App. P. 9.130(a)(3)(C)(iv).

Appellee filed a complaint alleging Appellants violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") when Appellee purchased a vehicle from Appellants. Appellants moved to compel arbitration pursuant to two identical arbitration agreements which they claim Appellee had executed incident to her purchase – an electronically signed sales contract and a hand-signed vehicle buyer's order.

Following an evidentiary hearing on the motion to compel arbitration, the trial court took the matter under advisement, and later entered a written order detailing its findings and denying Appellants' motion to compel arbitration. The court appeared to make preliminary factual findings, but noted that "these appear to be issues for determination by a

jury." The court also found that "the disputed evidence and testimony does not establish for the Court that the [Appellee] … was sufficiently advised and agreed to Arbitration as sought by the [Appellants]."

In ruling upon a motion to compel arbitration, courts consider three elements: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) (citation omitted).

Here, because elements (2) and (3) were not disputed, the trial court was charged with determining whether a valid agreement to arbitrate exists at the evidentiary hearing.

The problem here is the trial court did not do that. Instead, it kicked the can down the road, noting that disputed issues remain for a jury to resolve.

But our precedent is clear that the court—not the jury—must resolve issues regarding arbitrability and decide any factual disputes at a preliminary evidentiary hearing like the one which the court held. *See, e.g., Jalis Constr., Inc. v. Mintz,* 724 So. 2d 1254, 1254–55 (Fla. 4th DCA 1999) ("[W]hen the party opposing arbitration disputes the existence or validity of an agreement to arbitrate, the trial court is to resolve that question as part of the ruling on the motion to compel arbitration.") (footnote omitted); *Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed*, 425 So. 2d 127, 129 (Fla. 4th DCA 1982) ("[I]f the court finds disputed issues regarding the making of the agreement or the failure, neglect, or refusal to perform the same, the court is mandated to summarily hear and determine the issue.") (cleaned up); *see also Tandem Health Care of St. Petersburg, Inc. v. Whitney*, 897 So. 2d 531, 533 (Fla. 2d DCA 2005) ("[W]here the facts relating to the elements the trial court is required to consider in determining a motion to compel arbitration are disputed, the trial court is required to hold an evidentiary hearing in order to resolve the matter.").

Here, the trial court properly determined that an evidentiary hearing was necessary under the circumstances, but erred following that hearing in failing to clearly determine whether a valid agreement to arbitrate exists. Because the court did not decide arbitrability as required, we remand for the trial court do so. If necessary, the trial court may take additional evidence to make its decision.

*Reversed and remanded for further proceedings.*

CIKLIN, LEVINE and LOTT, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***