DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLIED PROFESSIONALS INSURANCE COMPANY,
A RISK RETENTION GROUP, INC.,**
Appellant,

v.

**BRIAN FITZPATRICK** and **LAI FONG FITZPATRICK,** his wife, and
**KELLY M. MEREDITH, D.C.,**
**FLORIDA SPINE AND DISC CENTER, INC.,** and
**ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.,**
Appellees.

No. 4D13-3961

[May 6, 2015]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562011CA000898.

John B. Marion, IV of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellant.

Jane Kreusler-Walsh, Rebecca Mercier Vargas and Stephanie L. Serafin of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Christopher M. Larmoyeux of Larmoyeux & Bone, P.L., West Palm Beach, for appellees Brian Fitzpatrick and Lai Fong Fitzpatrick.

GERBER, J.

A chiropractor's insurer appeals from the circuit court's order denying its motions to compel arbitration of the plaintiffs' lawsuit against the chiropractor pursuant to the insurance policy's arbitration provision. The insurer argues the court erred in denying the motions because, among other reasons, the arbitration provision specifically delegated the issue of arbitrability to the arbitrator. We agree with this argument and reverse for an order compelling the issue of arbitrability to the arbitrator.

*Procedural History*

The chiropractor's insurance agent sold her the insurer's policy. The policy had a $1,000,000 limit and contained an arbitration provision which stated, in pertinent part:

> All disputes or claims involving the [insurer] shall be resolved by binding arbitration, whether such dispute or claim arises between the parties to this Policy, or between the [insurer] and any person or entity who is not a party to the Policy but is claiming rights either under the Policy or against the [insurer]. This provision is intended to, and shall, encompass the widest possible scope of disputes or claims, including any issues a) with respect to any of the terms or provisions of this Policy, or b) with respect to the performance of any of the parties to the Policy, or c) with respect to any other issue or matter, whether in contract or tort, or in law or equity . . . . If the person or entity asserting the dispute or claim refuses to arbitrate, then any other party may, by notice as herein provided, require that the dispute be submitted to arbitration within fifteen (15) days. All procedures, methods, and rights with respect to the right to compel arbitration pursuant to this Article shall be governed by the Federal Arbitration Act. The arbitration shall occur in Orange County, California. The laws of the State of California shall apply to any substantive, evidentiary or discovery issues. *Any questions as to arbitrability of any dispute or claim shall be decided by the arbitrator.*

(emphasis added).

During the policy period, the plaintiffs filed a lawsuit against the chiropractor and the chiropractor's employer. The lawsuit alleged that the chiropractor was liable for her negligent care of plaintiff Brian Fitzpatrick and that the chiropractor's employer was vicariously liable for such negligent care. The lawsuit sought compensatory damages for plaintiff Brian Fitzpatrick and consortium damages for plaintiff Lai Fong Fitzpatrick. The chiropractor tendered the claim to the insurer.

Later, the plaintiffs and the chiropractor's employer agreed to the entry of a final judgment by which the plaintiffs would recover $1,000,000 from the employer. After the circuit court entered that final judgment, the employer filed a cross-claim against the chiropractor for indemnification of the judgment.

2

The employer and the chiropractor then agreed to the entry of a final judgment by which the employer would recover $1,000,000 from the chiropractor.

After the circuit court entered that final judgment, the plaintiffs filed a motion to join the insurer as a party defendant to the plaintiffs' action pursuant to section 627.4136, Florida Statutes (2011). Section 627.4136 states, in pertinent part:

> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
>
> . . . .
>
> (4) At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2) . . . .

§ 627.4136, Fla. Stat. (2011).

The plaintiffs also filed a motion to amend their complaint to add, as another party defendant, the chiropractor's insurance agent who obtained the policy for the chiropractor. The proposed amended complaint alleged that the agent negligently failed to obtain adequate coverage for the chiropractor, and that the plaintiffs were third-party beneficiaries of the coverage which the agent should have obtained.

The insurer objected to the joinder motion on several grounds, including that the plaintiffs, by claiming rights under the policy against the insurer, became bound by the policy's arbitration provision.

The circuit court entered an order granting the plaintiffs' motion to join the insurer as a party defendant to the plaintiffs' action pursuant to section 627.4136. However, in the order, the court added that it had not

ruled on any defenses which the insurer may otherwise have, and had not made any determination concerning coverage for the final judgments. The court entered a separate order granting the plaintiffs' motion to amend their complaint to add the chiropractor's insurance agent as another party defendant.

The insurer then filed motions to compel the plaintiffs, the chiropractor, and the employer to arbitrate all coverage claims pursuant to the policy's arbitration provision. The insurer argued the court should grant the motions because, among other reasons, the arbitration provision specifically delegated the issue of arbitrability to the arbitrator.

The plaintiffs opposed the motions to compel arbitration on three grounds: (1) because the plaintiffs and the chiropractor's employer were not named in the policy, no valid agreement to arbitrate existed with the plaintiffs; (2) because the arbitration provision required the arbitration to occur in California under California law, the arbitration provision violated Florida public policy regulating insurance and was unenforceable; and (3) the chiropractor's insurance agent "twisted" her into agreeing to the insurer's policy by not giving her a pro forma copy of the contract to review and not disclosing to her the policy's terms, including the need to arbitrate in California under California law.

The circuit court entered an order denying the insurer's motions to compel arbitration. In the order, the court reasoned, in pertinent part:

> The Court has determined that the arbitration clause was procured by a material omission or misrepresentation in the contract-making process, and . . . the contract provision for compelling arbitration is contrary to Florida public policy because it requires arbitration under California law, thus precluding any enforcement by the insured or judgment holder of rights guaranteed under Florida law . . . .

> The Court further finds that the arbitration clause contained in the contract of insurance is severable from the remainder of the insurance contract and that [the insurer] has not waived its right to arbitrate or mandate arbitration by its conduct.

This appeal followed.

4

*Analysis*

The insurer argues the court erred in denying the motions to compel arbitration because, among other reasons, the arbitration provision specifically delegated the issue of arbitrability to the arbitrator. Our review of this argument is de novo. *See BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007) ("[T]he standard of review applicable to the trial court's construction of an arbitration provision, and to its application of the law to the facts found, is *de novo.*") (citation omitted).

We agree with the insurer's argument. The plain language of the arbitration provision states, in pertinent part: "Any questions as to arbitrability of any dispute or claim shall be decided by the arbitrator." Although the plaintiffs challenged the arbitration provision as a whole, the plaintiffs did not challenge this delegation provision specifically. Because the plaintiffs did not challenge the delegation provision specifically, the delegation provision remains enforceable as a matter of law. *See Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2779 (2010) (unless the plaintiff "challenged the delegation provision specifically, we must treat it as valid . . . , leaving any challenge to the validity of the [arbitration] [a]greement as a whole for the arbitrator."); *Best v. Educ. Affiliates, Inc.*, 82 So. 3d 143, 147 (Fla. 4th DCA 2012) (where "[t]he appellants did not challenge the delegation provision itself . . . *Rent–A–Center* requires that the arbitrator determine issues of the validity of the contract."); *ATP Flight Sch., LLC v. Sax*, 44 So. 3d 248, 253 (Fla. 4th DCA 2010) ("[U]nless a claimant specifically challenges the delegation of authority to the arbitrator, any challenge to the validity of the entire arbitration agreement, which the parties have assented to, was subject to arbitration and must be left to the arbitrator to resolve.") (citing *Rent-A-Center*, 130 S. Ct. at 2775, 2777-79); *cf. Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 480 (Fla. 2011) (distinguishing *Rent-A-Center* on the basis that "because the arbitration agreement [in *Shotts*] contained no delegation provision, there was no such provision . . . to challenge," and thus challenging the arbitration agreement itself was the proper course of action).

The plaintiffs argue that they cannot be compelled to arbitrate under the policy because they are non-signatories to the policy. In support, the plaintiffs cite case law standing for the proposition that "[a]s a general rule, only the actual parties to the arbitration agreement can be compelled to arbitrate." *Stalley v. Transitional Hosps. Corp.*, 44 So. 3d 627, 629 (Fla. 2d DCA 2010). However, the plaintiffs candidly acknowledge that a non-signatory may be bound to arbitrate under certain circumstances: (1) incorporation by reference; (2) assumption; (3)

5

agency; (4) veil piercing/alter ego; and (5) estoppel. *Johnson v. Pires*, 968 So. 2d 700, 701 (Fla. 4th DCA 2007) (citations omitted).

We conclude that estoppel applies here to bind the plaintiffs to arbitration. More specifically, the plaintiffs cannot claim they are entitled to the benefit of the policy's coverage provision while simultaneously attempting to avoid the burden of the policy's arbitration provision. *See Bahamas Sales Assoc., LLC v. Byers*, 2012 WL 6012972 (11th Cir. Dec. 4, 2012) ("In essence, equitable estoppel precludes a party from claiming the benefits of some of the provisions of a contract while simultaneously attempting to avoid the burdens that some other provisions of the contract impose."); *Stalley*, 44 So. 3d at 632 ("It is true that an individual who makes use of a contract as long as it works to his or her advantage is estopped from avoiding the contract's provisions concerning the forum in which any dispute should be resolved."); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) ("In the arbitration context, . . . a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when [the party] has consistently maintained that other provisions of the same contract should be enforced to benefit [the party].").

Based on the foregoing, we reverse the circuit court's order denying the insurer's motions to compel arbitration, and remand for entry of an order compelling the issue of arbitrability to the arbitrator. We decline to comment on the insurer's and the plaintiffs' remaining arguments on appeal, as we leave any challenge to the validity of the arbitration provision for the arbitrator. *See Rent-A-Center*, 130 S. Ct. at 2779.

*Reversed and remanded.*

WARNER and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***