NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANGELS SENIOR LIVING AT )
CONNERTON COURT, LLC; and )
CONNERTON COURT, LLC, )
                                         )
         Appellants, )
                                         )
v. )           Case No.  2D16-2080
                                         )
RICHARD G. GUNDRY, as personal )
representative of the Estate of Edna E. )
Gundry, deceased, )
                                         )
         Appellee. )
_____ )

Opinion filed February 15, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
Linda H. Babb, Judge.

Alec G. Masson, James P. Waczewski, and
Dale J. Paleschic of Luks, Santaniello,
Petrillo & Jones, Tallahassee, for
Appellants.

Susan B. Morrison of the Law Offices of
Susan B. Morrison, P.A., Tampa, for
Appellee.


LaROSE, Judge.


            Angels Senior Living at Connerton Court, LLC, and Connerton Court, LLC

(Connerton), appeal a nonfinal order denying their motion to compel arbitration.  We

have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(C)(iv).  The case arises from the wrongful death of Mrs. Gundry.  We reverse and remand for the trial court to compel arbitration.

## Background

Mrs. Gundry was admitted to Connerton, an assisted living facility, in the spring of 2014.  The events underlying the wrongful death lawsuit filed by her Estate occurred about one year later.  Her sons, with power of attorney, signed the admission documents, including an arbitration agreement, on her behalf.  Execution of the arbitration agreement was not a prerequisite to ensure Mrs. Gundry's admission to Connerton.

The arbitration agreement included a delegation provision stating that "[a]ny dispute over [the] interpretation, scope, waiver or enforceability of this [a]greement and/or this [a]greement's arbitration is exclusively for the arbitrator to decide."  The agreement also contained a discovery clause that limited discovery "to production of written documents and depositions of opposing parties, treating physicians and expert witnesses.  No other individuals may be deposed."

Upon the filing of the lawsuit, Connerton moved to compel arbitration.  The Estate argued that the arbitration agreement was void as against public policy because it incorporated the American Health Lawyers Association (AHLA) arbitration rules and limited discovery.  Finding that the discovery limitation violated public policy, the trial court denied the motion.

Analysis

Issue 1: Delegation Provision

Connerton argues that the trial court lacked authority to determine whether the arbitration agreement was valid; the delegation clause, it tells us, vested that power in the arbitrator.  See Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 74 (2010). Generally, when an "[arbitration] [a]greement contains a delegation provision, we only retain jurisdiction to review a challenge to that particular provision.  Absent a direct challenge, we must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability."  Parnell v. CashCall, Inc., 804 F.3d 1142, 1148 (11th Cir. 2015) (citing Rent-A-Center, 561 U.S. at 72).

Connerton failed to raise this issue in its initial motion to compel arbitration or at the hearing on the motion.  Connerton raised the issue in a second motion to compel arbitration, essentially seeking rehearing of the trial court's ruling.  "Florida law does not authorize multiple motions to compel arbitration.  Section 682.03(1), Florida Statutes (2005), authorizes an 'application to the court' to proceed with arbitration, not applications."[1]  Wegner v. Schillinger, 921 So. 2d 854, 855 (Fla. 4th DCA 2006) (emphasis omitted).  The trial court did not err in refusing Connerton's tardy entreaty. See Hubert v. Div. of Admin., Dep't of Transp., 425 So. 2d 671, 672 (Fla. 2d DCA 1983) ("[R]ehearings are not authorized as to interlocutory or nonfinal orders." (citing Wagner v. Bieley, 263 So. 2d 1 (Fla. 1972))); Commercial Garden Mall v. Success Acad., Inc., 453 So. 2d 934, 935-36 (Fla. 4th DCA 1984) ("While a non-final order is not subject to a

_____

[1]Section 682.03 has been substantially revised.  See ch. 2013-232, § 8, at 2751-52, Laws of Fla.  However, the effect is the same; the newly stated statute does not call for multiple motions.

petition for rehearing, it is also true that a trial court has jurisdiction to control its own non-final orders prior to entry of final judgment." (citation omitted)).

## Issue 2: Void As Against Florida Public Policy

With the delegation provision not in play, "it [is] for the court, not the arbitrator, to determine 'whether a valid written agreement to arbitrate exists.' " Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 459 (Fla. 2011) (quoting Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)). The Estate argues principally that the discovery limitation violates public policy, thus invalidating the entire arbitration agreement. The Estate also argues that application of the AHLA arbitration rules violates public policy. See Shotts, 86 So. 3d at 478 (holding that the clause providing for the use of AHLA rules was against public policy and could not be severed because it goes to the essence of the agreement). We note that the AHLA rules have been changed substantially since Shotts.[2] Importantly, the arbitration agreement provides that Florida law controls the issue of damages. The agreement does not bar the award of punitive damages, nor does it cap noneconomic damages. The AHLA rules in effect now and at the time of the hearing contained no restrictions on the recovery damages.

The Estate asserts that the discovery limitation "completely undermines the Estate's ability to vindicate the statutory and common law rights of its decedent under statutory law, common law[,] and the public policy of the state of Florida." The

---

[2]Prior AHLA rules limited or even eliminated legislatively created remedies for nursing home residents. See Shotts, 86 So. 3d at 474 ("[W]e conclude that the limitations of remedies provisions in the present case violate public policy, for they directly undermine specific statutory remedies created by the Legislature.").
We also note that the remedial statutes applicable for residents of an assisted living facility require proof only by a preponderance of the evidence for a claim alleging a violation of a resident's rights or negligence causing injury to the resident. See § 429.29(2), Fla. Stat. (2015).

- 4 -

discovery provision allows for document production and the deposition of experts, treating physicians, and opposing parties. Moreover, Connerton has stipulated to allow the depositions of its current employees in the arbitration proceeding. Although Connerton cannot control the deposition of past employees, the Estate has advanced nothing to show that, at this point, it needs discovery from former employees.

Even if the discovery clause does not provide the full panoply of discovery available under Florida Rule of Civil Procedure 1.280(b), we are reluctant to conclude that the provision violates public policy. In light of Connerton's concession concerning the deposition of current employees, we cannot say that the Estate will be denied meaningful discovery. Further, the applicable AHLA rules will provide the Estate an opportunity to seek additional discovery if necessary.

Ms. Gundry was admitted to Connerton on April 22, 2014. The current version of the AHLA rules dates to March 14, 2016.[3] The events giving rise to Ms. Gundry's death occurred on May 17, 2015. AHLA Arbitration Rule 1.1 states that "[a] claim will be arbitrated in accordance with the version of these rules . . . posted on the website of [AHLA] on the date a Demand for Arbitration is received." AHLA Arbitration Rule 5.5 of discovery states:

> To promote speed and efficiency, the arbitrator, in his or her discretion, should permit discovery that is relevant to the claims and defenses at issue and is necessary for the fair resolution of a claim. . . . An arbitrator may depart from any contract provision that is inconsistent with this [discovery] rule.

---

[3]The applicable version of the rules when the Estate brought suit was the April 7, 2014, version. However, in light of our decision, the applicable AHLA rules will be those in effect when a demand for arbitration is made.

Additionally, AHLA Arbitration Rule 6.6 states that "[t]he parties may offer whatever evidence the arbitrator regards as relevant and material to the dispute. . . . [T]he arbitrator need not follow rules applicable in court proceedings, but should generally permit evidence to be introduced that is relevant, material, and will allow for a fair adjudication of the matter." AHLA Arbitration Rule 6.6 (March 2016). The availability of added discovery through the AHLA rules further minimizes the Estate's concern about being unable to fully present its case.

We conclude that the parties' agreement to follow AHLA rules and to limit discovery did not violate public policy. Indeed, the Estate will have a meaningful opportunity to conduct discovery and present its case. The trial court should have granted the motion to compel arbitration. Because the arbitration agreement is not void as against public policy, we need not address Connerton's alternative argument that any offensive clause could be severed.

### Conclusion

We reverse the trial court's denial of the motion to compel arbitration and remand for the trial court to enter an order granting Connerton's motion.

Reversed, and remanded with instructions.


BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.