DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARDEN RESTAURANTS, INC.**, a Florida Corporation, **DUKE DEMIER**, an individual, and **JEDLER St. PAUL**, an individual,
Appellant,

v.

**WILFRED OSTANNE,**
Appellee.

No. 4D17-3590

[October 3, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 17-800 CACE (12).

Patrick G. DeBlasio, III, and Laurie M. Weinstein of Littler Mendelson, P.C., Miami, for appellant Darden Restaurants, Inc.

Chris Kleppin and Chelsea A. Lewis of Glasser & Kleppin, P.A., Plantation, for appellee.

FORST, J.

Darden Restaurants, Inc. ("Darden") appeals from the trial court's order denying its motion to compel arbitration and stay the underlying employment discrimination action filed by former employee Wilfred Ostanne. Darden argues the court erred in denying the motion, in part, because the parties had specifically agreed to delegate the issue of arbitrability to the arbitrator. We agree with this argument and reverse for an order submitting the issue of arbitrability to the arbitrator. Because this issue is dispositive, we decline to address the remaining issues.

**Background**

In 2010, the parties signed an agreement titled "Dispute Resolution Process" ("DRP"). The DRP was a stand-alone agreement, not part of an employment contract. The DRP provides for a four-step process to address and resolve "covered employment-related disputes": open door, peer review, mediation, and arbitration. The first three steps apply to all

employment-related disputes or claims brought by the employee against the company (or vice versa) other than those listed as exceptions. The employee initiates the first two steps, and from there "the dissatisfied party can submit the matter to mediation." Thereafter, "[u]pon receiving the timely written notice that mediation has concluded without resolution . . . and if the dispute involves a legal claim, either the Employee or the Company can submit the matter to binding arbitration."

Regarding arbitration, the DRP provides:

> Only disputes which state a legal claim may be submitted to Arbitration, which is the fourth and final step of DRP. The arbitrator has the authority to dismiss disputes that do not state a legal claim. Examples of legal claims may include but are not limited to: claims that arise under the Civil Rights Act of 1964, Americans With Disabilities Act, Fair Labor Standards Act, Age Discrimination in Employment Act, Family Medical Leave Act, Employee Retirement Income Security Act, unfair competition, violation of trade secrets, any common law right or duty, or any federal, state or local ordinance or statute.
>
> **The DRP is the sole means for resolving covered employment-related disputes, instead of court actions. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.**

The DRP also contains a delegation clause, which provides that "[t]he arbitrator has the *sole authority to determine the eligibility of a dispute for arbitration and whether it has been timely filed.*" (emphasis added).

In January 2017, Ostanne sued Darden and two Darden employees after filing charges of racial/ethnic discriminatory and retaliatory practices against Darden with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission (EEOC). Ostanne alleged that he was subjected to ongoing racial slurs by co-workers; that management was aware but unwilling to act; that the slurs worsened after he complained; that two employees battered him; that he was overlooked for management positions for which he qualified; that he was demoted for

2

complaining; that his hours were reduced to next to nothing; and that he was ostensibly fired despite Darden's denial of such, and then suspended indefinitely.

Counts 1 through 4 alleged Florida Civil Rights Act violations against Darden for the discharge, discriminatory terms and conditions of employment, retaliation, and creating a hostile work environment. Counts 5 and 6 alleged civil battery and assault against Darden and two of Ostanne's former co-workers. Ostanne alleged that the former co-workers' actions were so "open, obvious, and pervasive" that Darden knew or should have known of the conduct.

Darden moved to stay the proceedings and to compel arbitration based on the DRP. Over Ostanne's objection, the matter was first heard at a motion calendar hearing. Ostanne requested an evidentiary hearing, arguing he did not recall signing the agreement and Darden had waived arbitration by not following the dispute resolution process, i.e., Darden did not afford Ostanne the requisite peer review or mediation before seeking arbitration. Ostanne also suggested that Darden's position during the EEOC process, urging a "no cause finding," was inconsistent with arbitration.

Darden disputed the need for an evidentiary hearing as Ostanne had not furnished an affidavit in opposition to the motion to compel to create a factual issue. It also argued that its participation in the EEOC process was not a waiver. Darden did not address its failure to invoke peer review or mediation before arbitration, which as the DRP is drafted, are conditions precedent to arbitration. The trial court summarily denied Darden's motion without prejudice.

Darden then filed a renewed motion to compel arbitration, which incorporated its first motion and also pointed to the DRP's "delegation clause." Ostanne again responded that a valid agreement to arbitrate did not exist, and that Darden had waived arbitration. He attached a supporting affidavit stating that he was unaware of the DRP, contending that it was never reviewed or discussed with him.

At the hearing, Darden directed the court to Ostanne's 2010 signing of the DRP and the delegation clause which provides that the arbitrator is to decide issues of arbitrability. Darden also cited case law which holds that the party opposing arbitration must specifically challenge the delegation provision (not just the arbitration provision itself), or "the delegation provision remains enforceable as a matter of law." *See, e.g., Allied Prof'ls Ins. Co. v. Fitzpatrick*, 169 So. 3d 138, 141-42 (Fla. 4th DCA 2015) (citing,

3

e.g., *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (unless the plaintiff "challenged the delegation provision specifically, we must treat it as valid . . . , leaving any challenge to the validity of the [arbitration] [a]greement as a whole for the arbitrator.")).

Ostanne opposed the motion to compel on six grounds: (1) Darden waived the "delegation clause" argument for failure to raise it during the first hearing; (2) Darden waived the right to arbitrate having failed to follow the "mandatory" steps preceding arbitration; (3) the DRP contains exceptions to arbitration, some of which were raised in the complaint (though Ostanne did not identify any); (4) the Florida Civil Rights Act "itself states that the claims can't go to arbitration" since it provides that the right to trial by jury is preserved; (5) Darden acted inconsistently with and waived arbitration when it asked the agency to dismiss the charge during the administrative proceedings; and (6) because the claims did not concern a breach of the employment contract, they did not fall within the clause.

Darden replied that it did not waive its "delegation clause" argument because the court did not address the merits of the motion at the first hearing. Darden maintained that the sole issue for the court was whether Ostanne signed an agreement which contained an arbitration clause with a delegation provision.

The trial court summarily denied Darden's motion to compel arbitration.[1]

## Analysis

Darden argues the court erred in denying its motion to compel arbitration because, among other reasons, the parties' DRP agreement specifically delegated the issue of arbitrability to the arbitrator. We apply the de novo standard of review. *See Allied Prof'ls Ins. Co.*, 169 So. 3d at 141 (citing *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007) ("[T]he standard of review applicable to the trial court's construction of an arbitration provision, and to its application of the law to the facts found, is de novo.") (citation omitted)).

---

[1] *See Arrasola v. MGP Motor Holdings, LLC*, 172 So. 3d 508, 514 (Fla. 3d DCA 2015) ("The Revised Florida Arbitration Code authorizes the trial court 'summarily to decide' a motion to compel arbitration 'unless it finds that there is no enforceable agreement to arbitrate.'") (citing § 682.03(1)(b), Fla. Stat. (2014)).

We agree with Darden's argument. The plain language of the DRP's arbitration provision states that "[t]he arbitrator has the sole authority to determine the eligibility of a dispute for arbitration and whether it has been timely filed." Ostanne did not challenge the delegation clause itself in his discrimination lawsuit. "Absent a direct challenge, we must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability." *Newman for Founding Partners Stable Value Fund, LP v. Ernst & Young, LLP*, 231 So. 3d 464, 467 (Fla. 4th DCA 2017) (quoting *Angels Senior Living at Connerton Ct., LLC v. Gundry*, 210 So. 3d 257, 258 (Fla. 2d DCA 2017)); *see also Allied Prof'ls Ins. Co.*, 169 So. 3d at 141-42 (citing *Rent–A–Center, W., Inc.*, 561 U.S. at 74).

We further agree with Darden's contention that its participation in the EEOC process was not a waiver. An employer does not waive arbitration by participating in EEOC proceedings. *See Gordon v. Shield*, 41 So. 3d 931, 934 (Fla. 4th DCA 2010) (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 16 (1st Cir. 1998)).

Lastly, we note that each party has accused the other of failing to follow the four-step dispute resolution process.[2] To the extent that Darden has failed to comply with conditions precedent to arbitration, the delegation clause leaves that issue to be addressed by the arbitrator. *See Cooper v. Fine*, 705 So. 2d 131, 131 (Fla. 4th DCA 2005) (finding that "whether conditions precedent to arbitration were fulfilled . . . is a question for the arbitrator").

## Conclusion

Based on the foregoing, we reverse the trial court's order denying Darden's motion to compel arbitration and remand for entry of an order submitting the issue of arbitrability to the arbitrator. *See Allied Prof'ls Ins. Co.*, 169 So. 3d at 142.

*Reversed and remanded.*

TAYLOR and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] As stated, the DRP provides that the *employee* initiates the first two steps (open door and peer review) of the four-step process.