DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSS DRESS FOR LESS, INC.** and **ROBERT KMET,**
Appellants,

v.

**ANNIE HIGGINS, KEENA MURRAY-BAILEY, KATIE SEYMOUR** and
**QUINTAVIA THOMAS,**
Appellees.

No. 4D18-3798

[June 26, 2019]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18012045.

Steven A. Siegel and Michael A. Holt of Fisher & Phillips LLP, Fort Lauderdale, for appellants.

Chris Kleppin and Chelsea A. Lewis of Glasser & Kleppin, P.A., Plantation, for appellees.

GERBER, C.J.

The defendant-employer and the defendant-supervisor appeal from the circuit court's nonfinal order denying the defendants' motion to compel arbitration of, and stay judicial proceedings on, the plaintiff-employees' claims. The defendants argue that the circuit court erred in finding that the plaintiffs' claims – for discrimination, retaliation, and hostile work environment in violation of the Florida Civil Rights Act, and for negligent infliction of emotional distress – were outside the scope of the plaintiffs' arbitration agreement with the employer. According to the defendants, the plaintiffs' claims fall within the scope of the parties' arbitration agreement.

Applying de novo review, we agree with the defendants and reverse. *See Am. Mgmt. Servs., Inc. v. Merced*, 186 So. 3d 612, 614 (Fla. 4th DCA 2016) ("On appeal from the denial of a motion to compel arbitration, the trial court's factual findings are reviewed for competent substantial evidence, but *the court's legal analysis is reviewed de novo.*") (emphasis added).

### *The Three Elements in Ruling on a Motion to Compel Arbitration*

"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). Here, all three elements favor the defendants.

First, a valid written agreement to arbitrate exists between the plaintiffs and the defendants. In 2011, all four plaintiffs electronically agreed to the defendant-employer's Dispute Resolution Agreement providing, in pertinent part:

> This Agreement sets forth the procedures that you and [the employer] mutually agree must be used to resolve disputes *arising out of or relating to your employment with* [*the employer*] *or its termination.* Disputes subject to this Agreement will be resolved by mediation or final and binding arbitration and not by a court or jury.

> *This Agreement covers disputes both between you and* [*the employer*] *or you and any other . . . agent or employee of* [*employer*], regardless of who initiates the claim. *Covered disputes include, but are not limited to . . . termination, harassment, discrimination and claims based on the Civil Rights Act of 1964 . . . and similar state statutes and any related common law claims.*

(emphasis added).

Second, an arbitrable issue exists. The plaintiffs' claims – for discrimination, retaliation, and hostile work environment in violation of the Florida Civil Rights Act, and for negligent infliction of emotional distress – all arise out of and relate to their employment with the defendant-employer, involve disputes between the plaintiffs and the defendants, and fall squarely within the "covered disputes" quoted above. *See Seifert,* 750 So. 2d at 637 ("[T]he phrase 'arising out of or relating to' the contract has been interpreted broadly to encompass virtually all disputes between the contracting parties, including related tort claims."); *Santos v. Gen. Dynamics Aviation Servs. Corp.,* 984 So. 2d 658, 660 (Fla. 4th DCA 2008) (rejecting plaintiff's argument that "claims brought under the Florida Civil Rights Act are not subject to arbitration because the

legislature set up a statutory right for individuals to have their day in court").

Third, the defendants have not waived their right to arbitration. The plaintiffs argue that the defendants waived their right to arbitration by seeking a no-cause determination in response to the plaintiffs' charges of discrimination made to the EEOC before the plaintiffs filed this action. However, we disagree with the plaintiffs' argument. We recently have held that "[a]n employer does not waive arbitration by participating in EEOC proceedings." *Darden Rests., Inc. v. Ostanne*, 255 So. 3d 382, 385 (Fla. 4th DCA 2018). *See also Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222-23 (11th Cir. 2000) (employer did not waive its right to arbitrate by not raising the arbitration issue with the EEOC).

### *Conclusion*

Based on the foregoing, we reverse the circuit court's nonfinal order denying the defendants' motion to compel arbitration of, and stay judicial proceedings on, the plaintiff-employees' claims. We remand for the circuit court to grant the motion.

*Reversed and remanded to grant motion to compel arbitration.*

TAYLOR and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3